UNITED TRANSPORTATION UNION
and Stanley G. Wisniewski

v.

PITTSBURGH, CHARTIERS AND
YOUGHIOGHENY RAILWAY
COMPANY.

Civ. A. No. 72-615.

United States District Court,
W. D. Pennsylvania.

Feb. 20, 1973.

Paul E. Moses, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a petition for review of an award of Public Law Board No. 542 filed pursuant to the Railway Labor Act, 45 U.S.C.A. § 153 First (q) and Second. The Court has considered the briefs and argument of counsel, the complete record of proceedings before said Board, and has conducted its own independent research. Based thereon, it must be concluded that the Court has jurisdiction to consider the petition and that the Board's order must be remanded because the decision exceeded the scope of the Board's jurisdiction under the Railway Labor Act.

There is no dispute as to the facts. Petitioner sustained an injury to his shoulder in the course of his employment with respondent on August 20, 1968. Thereafter, the respondent railroad carrier conducted an investigation and tried petitioner on charges of having failed to exercise care to avoid personal injury on the date last mentioned and of being an unsafe employee, based on petitioner's

experiencing twenty-two personal injuries from the inception of his employment date of May 10, 1951. Although Public Law Board No. 542 discounted the accident sustained on August 20, 1968, as a basis to discharge petitioner, it held that his record of twenty-two accidents over the period of his employment warranted respondent's action in dismissing him.

■ The initial question to be resolved is that of the Court's jurisdiction. Undoubtedly jurisdiction exists pursuant to the Railway Labor Act, 45 U.S.C.A. § 153, First (p) and (q). While this jurisdiction is limited, review of an award of the Board is proper to the same extent that labor arbitration awards are reviewable. Thus if the award exceeds the authority granted to the Board under the Railway Labor Act, jurisdiction exists in this Court for review. Brotherhood of Railroad Trainmen v. Central of Georgia, 415 F.2d 403 (5th Cir., 1969). See also Gunther v. San Diego and Arizona Eastern Railway Company, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965). The fact that this was a special board of adjustment created by the parties pursuant to 45 U.S.C.A. § 153, Second, in no way detracts from this jurisdiction. Baltimore and Annapolis Railroad Co. v. National Mediation Board, 321 F.Supp. 51 (D.Md., 1970); Barrett v. Manufacturers Railway Company, 326 F.Supp. 639 (E.D.Missouri, 1971), aff'd 453 F.2d 1305 (8th Cir., 1972).

■■ Because the requisite jurisdiction exists, the remaining issue which must be determined is whether Public Law Board No. 542, in upholding petitioner's discharge by respondent for being an unsafe employee as evidenced by twenty-two personal injuries, acted in a rational manner such that its award is enforceable. A review of the record before Public Law Board No. 542 clearly indicates that, other than the accident occurring on August 20, 1968, the Board did not have before it specific information relating to any of the mishaps in which petitioner was involved. All the Board had before it was a recitation of the incidents as contained in the employee's work record. This bare catalogue does not provide the Board nor this Court with any circumstances surrounding the accidents. The Board, therefore, had no evidence or basis from which it could conclude that petitioner was negligent or personally responsible for the accidents. Thus, when it stated,

"When the Board examines the Claimant's service record it finds that he has been involved between 1952 and 1967 in a substantial number of accidents arising from train operations with the exception of the incident on August 16, 1964, when a foreign object flew into his eye while riding cars in McKees Rocks Yard. Many of these injuries necessitated prolonged absences from work, such as the injury on June 22, 1955, November 10, 1955, March 20, 1962, December 17, 1964, and June 13, 1967. Other injuries have subjected the Carrier to expensive litigation. The Carrier after fifteen years of this sort of experience can properly determine that an employee, who has been involved in twenty-two incidents resulting in personal injuries, is an accident-prone employee whom it cannot afford to retain in its employ. Without passing judgment on each and every item on the Claimant's service record, the weight of the record indicates that the Carrier's action was not arbitrary or unreasonable."

the Board had no rational basis for reaching its conclusion. The fact that several accidents have taken place does not create an inference that the person involved was ipso facto at fault. Moreover, the fact that these numerous accidents have subjected the carrier to expensive litigation is not a proper, rational, or reasonable basis for concluding that petitioner was an unsafe employee. The conclusion which the Board reached is, therefore, lacking any foundation in reason or fact and is an act tantamount to exceeding its authority and jurisdiction. Brotherhood of Railroad Trainmen v. Central of Georgia, *supra.* As such, the award is not entitled to enforcement, but should be remanded so that the

Board might receive evidence related to the accidents in which petitioner was involved, refuting or establishing whether or not he is an unsafe employee.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.