Stanley G. **WISNIEWSKI** and United Transportation Union, Petitioners,

v.

**PITTSBURGH, CHARTIERS AND YOUGHIOGHENY RAILWAY COMPANY,** Respondent.

Civ. A. No. 72-615.

United States District Court,
W. D. Pennsylvania.

July 31, 1974.

See also, 3 Cir., 485 F.2d 683.

Paul E. Moses, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Richard D. Klaber, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is the second petition for review of an award of Public Law Board No. 542 filed pursuant to the Railway Labor Act, 45 U.S.C.A. § 153 First (q) and Second, hereafter the Act. In addition thereto, respondent has filed a Motion to Dismiss for lack of jurisdiction.

The court has considered the briefs and argument of counsel, and the complete record of proceedings before Public Law Board No. 542. In the considered judgment of the court, the Board's Order must be affirmed and the motion of respondent to dismiss for lack of jurisdiction should be denied.

A brief procedural history of this proceeding is required to afford an understanding of the disposition made herein. Petitioner sustained injury to his shoulder on August 20, 1968, while working for respondent, who thereafter tried petitioner and determined that he was an unsafe employee in view of his history of twenty-two accidents, and discharged him. On initial review, Public Law Board No. 542 held that petitioner's accident record warranted dismissing him. On petition to this court, the proceeding was remanded so that the Board might review all pertinent evidence bearing on petitioner's discharge from employment. Upon remand, Public Law Board No. 542 was reconvened and received evidence relative to petitioner's accident record.

Thereafter the Board reached a determination sustaining the action of the employer. It is this determination which forms the basis of petitioner's second request for review and respondent's motion to dismiss for lack of jurisdiction.

■ Respondent's motion should be denied. The Act clearly grants jurisdiction to the court to review an award of a body such as Public Law Board No. 542 to determine whether said award exceeds the authority granted to such Board under the Act. Brotherhood of Railroad Trainmen v. Central of Georgia, 415 F.2d 403 (5th Cir. 1969).

■ The court has reviewed the award of Public Board No. 542 which was entered after remand, and concludes that there now is a basis for entering such an award. While counsel for petitioner has conceded this point in view of the complete record of all of petitioner's accidents now reflected in the remanded record, it is petitioner's contention that no remand of the first award should have

been permitted. Very simply stated, however, the Act, § 153, First (q) of 45 U.S.C.A., specifically provides for remand under these circumstances and states in pertinent part as follows:

"If an employee or group of employees, of any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file . . . . a petition for review of the division's order . . . The Court shall have jurisdiction to affirm the Order of the division or to set it aside in whole or in part, or it may remand the proceeding to the division for such further action as it may direct . . ."

In view of the foregoing, and because of deference which should be given to the expertise of a body such as Public Law Board No. 542, the award entered by said Board should be affirmed.