**BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES, the Pennsylvania Federation Brotherhood of Maintenance of Way Employees, David Gray, Jr., and Jerry M. Taylor,**

v.

**CONSOLIDATED RAIL CORPORATION,**
**Appellant.**

No. 88–3522.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 8, 1988.

Decided Dec. 27, 1988.

---

Jeffrey H. Burton, Consolidated Rail Corp., Philadelphia, Pa., for appellant; Har-ry A. Rissetto, Morgan, Lewis & Bockius, Washington, D.C., of counsel.

John O.B. Clarke, Jr., L. Pat Wynns, Highsaw & Mahoney, P.C., Washington, D.C., for appellees.

Before SLOVITER and BECKER, Circuit Judges, and FULLAM, District Judge.*

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Consolidated Rail Corporation (Conrail) appeals from the district court's order holding that two cases of employees dismissed for accident proneness should be remanded to the National Railroad Adjustment Board (NRAB) for further evidentiary findings. The initial question before us is whether we have jurisdiction over Conrail's appeal. We conclude that the remand does not constitute a final order, and therefore dismiss this appeal for lack of jurisdiction.

### I.

The Brotherhood of Maintenance of Way Employees (Union) and the two Conrail employees, Jerry M. Taylor and David Gray, Jr., both dismissed as accident prone, had appealed their dismissal to the NRAB. The NRAB found that in Taylor's seven and a half years of employment he sustained twelve injuries of relative severity; Gray had sustained seven injuries in seven years of employment. The NRAB upheld Taylor's dismissal; as to Gray it found that the record supported his accident proneness but that the discipline imposed had served its purpose and therefore it ordered that Gray be returned to service without backpay.

The Union and the employees filed a petition for review of those decisions in the United States District Court for the Western District of Pennsylvania pursuant to 45 U.S.C. § 153, First (q). The district court found that the NRAB awards lacked any foundation in reason or fact because

---

* Hon. John P. Fullam, Chief Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

"[t]here is simply *no* evidence adduced in this case showing that the two employees were responsible for any of the accidents in question." App. at 23 (emphasis in original). The court found that the NRAB had therefore exceeded its authority and jurisdiction and remanded the case to the NRAB to "hear evidence as to whether Petitioners Gray and Taylor were sufficiently responsible for the accidents in question to warrant their dismissal." *Id.*

Conrail appeals the order of the district court on the ground that the court exceeded its limited jurisdiction to review arbitration awards under the Railway Labor Act by substituting its judgment for that of the arbitrator with respect to the appropriate standard for determining an employee to be accident prone. The Union and the employees have moved to dismiss the appeal on the ground that it was not taken from a final order.

## II.

■ The general principle enunciated by this court is that district court orders remanding cases to administrative agencies are not final and appealable. *See, e.g., Bachowski v. Usery,* 545 F.2d 363, 371–73 (3d Cir.1976); *Marshall v. Celebrezze,* 351 F.2d 467, 468 (3d Cir.1965) (per curiam). In some circumstances, however, we have held that we have jurisdiction over such orders. *See, e.g., United States v. Spears,* 859 F.2d 284 (3d Cir.1988); *AJA Assocs. v. Army Corps of Engineers,* 817 F.2d 1070, 1073 (3d Cir.1987); *Horizons Int'l, Inc. v. Baldrige,* 811 F.2d 154, 160 (3d Cir.1987); *United Steelworkers of Am. Local 913 v. Union R.R.,* 648 F.2d 905, 910–11 (1981).

In support of its argument that the remand order in this case is appealable, Conrail relies on this court's decision in *Union Railroad,* 648 F.2d 905, where we held that an order was final which set aside the decision of a Public Law Board, directed removal of a member of the Board, and ordered a *de novo* investigative hearing into the grounds for which an employee was terminated. However, we recognized the general legal principle that "remands to administrative agencies are not ordinari-

ly appealable under section 1291." *Id.* at 909 (citing *Celebrezze,* 351 F.2d at 468). We continued, "[s]pecifically, orders directing remands to Railway Labor boards to consider additional evidence have been considered nonfinal." *Id.* (citing *United Transport. Union v. Illinois Cent. R.R.,* 433 F.2d 566, 568 (7th Cir.1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1374, 28 L.Ed. 2d 661 (1971); *Transportation–Communication Div.—Bhd. of Ry., Airline and S.S. Clerks v. St. Louis–S.F. Ry.,* 419 F.2d 933 (8th Cir.1969), *cert. denied,* 400 U.S. 818, 91 S.Ct. 34, 27 L.Ed.2d 45 (1970)). Even if the district court erred in this case in holding that evidence of the employees' responsibility for the accidents or injuries was relevant and should be considered, it is difficult to characterize the order remanding as anything other than an order directing the arbitration board to take additional evidence.

The order at issue in *Union Railroad* was of a different character. The issue on which there already had been several appeals and remands to the Public Law Board was whether the terminated employee had waived his right to counsel at the initial Board hearing. When the district court ruled, contrary to the Board's finding, that the employee had not waived his right to counsel and ordered a new hearing on the merits with new counsel, its order, as we explained, "had the practical effect of dismissing the present litigation and review of the legal questions raised by this appeal will be foreclosed if not permitted now." *Id.* at 909.

Our *Union Railroad* opinion did not undermine the principle enunciated in *Bachowski* that remand orders are generally not final. In *Bachowski,* which arose under Title IV of the Labor–Management Reporting and Disclosure Act (LMRDA), the district court reviewed a decision made by the Secretary of Labor not to file suit to overturn a union election for alleged violations of the LMRDA. The district court ruled that the standard utilized by the Secretary in deciding whether to bring suit was irrational and, although it did not then order the Secretary to file suit, nonetheless remanded the case to the Secretary for a

recount of the votes under guidelines the court set. *Id.* at 365–66.

The Secretary and the union appealed the district court's remand order to this court arguing, as Conrail argues here, that if this court did not accept jurisdiction the Secretary "may very well [be] deprive[d] ... of any opportunity to test the correctness of the scope of review employed by [the district court]." *Id.* at 372. We rejected this argument on the ground that the mode of review used by the district court would be reviewable if the district court later ordered the Secretary to file suit, an issue that remained undecided. We noted the importance of resisting the temptation to "abandon the deeply held distaste for piecemeal litigation" simply because we are presented with a case whose immediate resolution would clarify the law and terminate a drawn-out controversy. *Id.* at 373.

The arguments Conrail makes here are substantially similar to those made by the appellants in *Bachowski* and fail for the same reasons. In this case, the issues of the propriety of the discharges of Gray and Taylor and the standard to be applied to evaluate accident proneness have not been finally resolved, and Conrail will have an opportunity to challenge the scope of review applied by the district court in its remand order if Conrail is aggrieved by the ultimate outcome of this case. This case thus fails to meet the *Union Railroad* test of finality.

In those cases where we permitted appeal of remand orders, we stressed that the issue raised on appeal would be foreclosed as a practical matter if the remand to the agency were effective. *See Spears,* 859 F.2d at 287 (remand order requiring agency to give notice would "become moot" on later appeal); *AJA Assocs.,* 817 F.2d at 1073 (remand order holding that plaintiff was entitled to appear at informal oral hearing could not receive later appellate

review); *Horizons,* 811 F.2d at 160 (remand directing agency to consider questions based on materials not in administrative record "unreviewable later").[1]

■ Our precedent holds that when the issue on appeal is limited to the right to a procedure that once granted is not susceptible as a practical matter to subsequent review, remand orders directing such procedures are final. In contrast, when the generally applicable principle of nonfinality of remand orders is followed, there is an opportunity to review the merits of the order challenged when the hearing on remand is concluded. For example, although this court dismissed for lack of jurisdiction the initial appeal by Pittsburgh, Chartiers and Youghiogheny Railway from the district court's order remanding to the Public Law Board the case of an employee dismissed for accident proneness, *see United Transport. Union v. Pittsburgh, Chartiers and Youghiogheny Ry.,* 353 F.Supp. 1305 (W.D.Pa), *appeal dismissed for lack of jurisdiction,* 485 F.2d 683 (3d Cir.1973), the merits of the case were reviewed thereafter, *see Wisniewski v. Pittsburgh, Chartiers and Youghiogheny Ry.,* 379 F.Supp. 297 (W.D.Pa.1974), *affd,* 511 F.2d 1396 (3d Cir.1975), *appeal dismissed as moot,* 511 F.2d 1397 (3d Cir.1975). Had the railroad in the *Pittsburgh, Chartiers* case not prevailed in the remanded hearing before the Board, it would have had available to it on appeal from a final order on the merits the argument that the district court erred in remanding to the Board.

In this case, Conrail argues that the district court exceeded its limited jurisdiction to review arbitration decisions under the Railway Labor Act and should not have substituted its judgment for the judgment of the arbitrators with respect to the appropriate standard for finding an employee to be accident prone. If Conrail is dissatisfied with the result of the NRAB on remand,

1. We note that in *Horizons* the court stated that "different kinds of agency actions may present the issue of finality differently." 811 F.2d at 1159. The agency action at issue in *Horizons* was a certificate of review provided by the Secretary of Commerce which would have permitted the appellant to engage in certain export activity with antitrust immunity. The statute set expedited time schedules for the Secretary's response to the appellant's application. The remand to develop additional evidence would have undermined the clear congressional intent for prompt disposition, and, as we noted, would have "deprived [appellant] of its vested statutory right by vacating the certificate of review." *Id.* The agency action before us is obviously not of this character.

Conrail can petition the district court for review and can, if necessary, appeal to this court, at which time it will be free to raise the arguments it now presents.

### III.

We are not entirely comfortable with leaving in place without review a district court order which on its face appears to be in stark violation of the principle of limited judicial review of arbitration orders. *See* 45 U.S.C. § 153, First (q) (1982); *Atchison, T. & S. Fe Ry. v. Buell,* 480 U.S. 557, 563, 107 S.Ct. 1410, 1414, 94 L.Ed.2d 563 (1987) (scope of review of arbitrators decisions under RLA " 'among narrowest known to law' ") (quoting *Union Pacific Ry. v. Sheehan,* 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978)). This is, however, a potential problem whenever we are confronted with an appeal from an interlocutory order. Therefore, because this appeal fails to fall within any of the narrow exceptions to the strict view of finality embodied in section 1291, we will, for the reasons set forth above, dismiss the appeal for lack of jurisdiction.

Each party is to bear its own costs.