**Marilyn FINKELSTEIN, Appellee,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Appellant.**

No. 88–5318.

United States Court of Appeals, Third Circuit.

Argued Sept. 8, 1988.

Decided March 3, 1989.

As Amended May 19, 1989.

Rehearing and Rehearing In Banc Denied May 24, 1989.

---

Donald M. Harris (argued), U.S. Atty's. Office, Newark, N.J., for appellant.

John E. Biggiani (argued), Gelman & Gelman, Elmwood Park, N.J., for appellee.

Before BECKER, HUTCHINSON and SCIRICA, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

The Secretary of Health and Human Services (Secretary) appeals an order of the United States District Court for the District of New Jersey. The district court had remanded this action for widow's disability benefits under the Social Security Act to the Secretary for consideration of the applicant's residual functional capacity. That order is not final for purposes of appellate review. We will therefore dismiss this appeal for lack of jurisdiction.

### I.

On November 25, 1983, Mrs. Marilyn Finkelstein applied for disabled widow's benefits pursuant to 42 U.S.C.A. § 423(d)(2)(B) (West Supp.1988). Her application was denied both initially and on re-

consideration. After a hearing on September 28, 1984, an Administrative Law Judge (ALJ) determined that Mrs. Finkelstein's heart ailment did not meet or equal an impairment listed in the regulations[1] and denied benefits. That denial became the Secretary's final decision on December 11, 1984, when the Appeals Council denied Mrs. Finkelstein's request for review.

Pursuant to 42 U.S.C.A. § 405(g) (West 1983), Mrs. Finkelstein filed suit in the district court, claiming that the ALJ's decision was not supported by substantial evidence. The district court rejected this argument, but nevertheless remanded the case to the Secretary "for reasons other than those cited by [the] plaintiff." *Finkelstein v. Bowen*, No. 85–0345, slip op. at 5 (D.N.J. Feb. 18, 1988). It directed the Secretary to consider "the functional impact of plaintiff's ailment," *id.*, in order to determine whether, beyond the issue of equivalence of impairments, Mrs. Finkelstein could yet engage in any gainful activity. *Id.* at 6. This appeal followed.

On the merits, the Secretary argues that, in the case of widow's disability benefits, the statute and applicable regulations require him to look only to whether an applicant's impairment meets or equals an impairment listed in the regulations.[2] The inquiry, he contends, does not extend, as in the case of a wage earner's disability, to examination of residual functional capacity.[3] Instead, the Secretary argues, a wid-

---

1. 20 C.F.R. Part 404, Subpart P, Appendix 1 (1987).

2. Under the Social Security Act, a widow is not disabled "unless ... her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in any gainful activity." 42 U.S.C.A. § 423(d)(2)(B).

   The "regulations prescribed by the Secretary" for deeming impairments sufficiently severe to preclude any gainful activity mandate a two-step inquiry. First, a widow is not disabled if she is "doing substantial gainful activity." 20 C.F.R. § 404.1578(b) (1987). Second, a widow is disabled if her "impairment(s) has specific clinical findings that are the same as those for any impairment in the Listing of Impairments in Appendix 1 or are medically equivalent to those for any impairment shown there." *Id.*

§ 404.1578(a)(1). These impairments, by virtue of their inclusion in the regulatory listing, are considered "severe enough to prevent a person from doing any gainful activity." *Id.* § 404.1525(a) (1987).

3. Under the Social Security Act, a wage earner's disability is defined, in relevant part, as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C.A. § 423(d)(1)(A) (West Supp.1988). The process for determining a wage earner's disability includes inquiries into whether the wage earner is engaged in substantial gainful activity, has a severe impairment, and whether this impairment meets or equals any in the regulatory listing. However, if a wage earner's impairment does not meet or equal any in the listing, the inquiry continues for the purpose of determining whether his residual functional capacity

ow's disability is governed by a stricter standard[4] and a denial of benefits is required if her impairment is not equivalent to one listed in the regulations.

## II.

At the threshold, we are faced with the question of appellate jurisdiction. Both parties initially asserted[5] that we have jurisdiction under 28 U.S.C.A. § 1291 (West Supp.1988). That section gives us the authority to review "final orders" of the federal district courts. We have said that "remands to administrative agencies are not ordinarily appealable under section 1291." *United Steelworkers of America Local 1913 v. Union R.R.*, 648 F.2d 905, 909 (3d Cir.1981). Such a remand is typically an interlocutory step in the adjudicative process and, therefore, not a final order. *Id.* Therefore, we can exercise appellate jurisdiction over this case only if it comes within an exception to the ordinary rule.

■ Case law does provide examples of a narrow exception to the normal rule of non-appealability. Application of this exception is limited to cases in which an important legal issue is finally resolved and review of that issue would be foreclosed "as a practical matter" if an immediate appeal were unavailable. *See, e.g., AJA Assocs. v. Army Corps of Eng'rs*, 817 F.2d 1070, 1073 (3d Cir.1987). Whether applying the normal rule or the exception, our inquiry focuses on "the particular order brought to this court." *Bachowski v. Usery*, 545 F.2d 363, 372 (3d Cir.1976); *see also United Steelworkers*, 648 F.2d at 909 ("To assess these contentions, we must consider the nature of the district court's order.").

■ After examining the circumstances of the cases applying the normal rule of non-appealability and those holding that appellate jurisdiction over particular remand orders is available, we have concluded that the exception to the normal rule does not apply. Therefore, we lack appellate jurisdiction.

## A.

We turn first to cases in which we applied the normal rule and held district court remand orders interlocutory rather than final. In *Marshall v. Celebrezze*, 351 F.2d 467 (3d Cir.1965) (per curiam), a Social Security disability case, the Secretary asked the district court to remand so he could take additional evidence. The district court granted the motion and the applicant appealed. We dismissed the appeal as interlocutory. *See also Mayersky v. Celebrezze*, 353 F.2d 89 (3d Cir.1965) (district court remand to obtain additional evidence in Social Security disability case not final).

Our decision in *Bachowski* is particularly relevant. Alleging violations of the Labor–Management Reporting and Disclosure Act and other irregularities, Bachowski sought to overturn the results of a union officer election. The Secretary of Labor refused to file suit to set aside the election, but gave no reasons. Bachowski filed an action against the Secretary, in district court, seeking an order compelling him to file suit. The district court dismissed the case for lack of subject matter jurisdiction. On appeal, we held that the district court did have subject matter jurisdiction and that the scope of judicial review extended to the factual basis for the Secretary's decision

---

allows him to do past work and, finally, whether his residual functional capacity, along with vocational factors like age, education, and past work experience, allows him to do any other work. 20 C.F.R. § 404.1520 (1987).

4. The regulations expressly state that age, education, and past work experience are ignored when evaluating a widow's disability. 20 C.F.R. § 404.1577 (1987). On the merits, the issue is whether a widow whose impairment does not meet or equal any in the listing is entitled to have her residual functional capacity considered. Because we lack appellate jurisdiction over the district court's interlocutory order remanding the case to the Secretary, we express

no opinion on that issue. We have held, however, that a stricter standard does apply in widow's disability cases. *See, e.g., Smith v. Schweiker*, 671 F.2d 789, 790 (3d Cir.1982) ("the test for establishing entitlement to disability benefits is more stringent for widows").

5. At oral argument on September 8, 1988, we requested letter memoranda on this question of appellate jurisdiction. By her letter memorandum dated September 21, 1988, Mrs. Finkelstein now contends that the district court's order is not appealable and that we lack jurisdiction. The Secretary contends the district court's order is appealable. The parties' positions on jurisdiction are, of course, not controlling.

not to file suit as well as the factors on which he relied in reaching it. *Bachowski v. Brennan*, 502 F.2d 79, 90 (3d Cir.1974). On *certiorari*, the Supreme Court agreed that the district court had subject matter jurisdiction and that the Secretary was required to provide "a statement of reasons supporting his determination." *Dunlop v. Bachowski*, 421 U.S. 560, 571, 95 S.Ct. 1851, 1860, 44 L.Ed.2d 377 (1975). It held, however, that judicial review "should be confined to examination of the 'reasons' statement, and the determination whether the statement, without more, evinces that the Secretary's decision is so irrational as to constitute the decision arbitrary and capricious." *Id.* at 572–73, 95 S.Ct. at 1860–61. On remand, the district court ordered the Secretary to submit a supplemental reasons statement after finding the initial statement inadequate. *Bachowski v. Brennan*, 405 F.Supp. 1227, 1234 (W.D.Pa. 1975). Upon examining the supplemental statement, the district court held that the method the Secretary used to determine whether the alleged violations affected the outcome of the election and, therefore, whether to bring suit, was irrational. It remanded for a recount with directions as to the proper counting method. *Bachowski v. Brennan*, 413 F.Supp. 147, 151 (W.D.Pa. 1976).

On appeal, we held this remand order was interlocutory. *Bachowski*, 545 F.2d at 372. Ultimately, the complaint sought an order directing the Secretary to file suit. The district court remanded only for further proceedings. We distinguished "the ultimate substantive issue presented by [the] appeals" from "the final question posed by Mr. Bachowski's complaint." *Id.* at 372 n. 58. "It is the answer to the latter, not the former inquiry that constitutes a final judgment under the traditional test of finality." *Id.* We also said that the issue of the proper method for counting votes might not escape later review. "By way of illustration, if the Secretary, after remand, would continue in his refusal to bring suit, and the district court ordered him to do so, the viability of the mode of review employed by [the court] would be before us on review." *Id.*

## B.

This case does not present circumstances analogous to the cases in which we held there was appellate jurisdiction. *United Steelworkers* is an example of such a case.

We expressly based our holding on the peculiar circumstances of the case. There, the district court's order set aside the decision of a public law board, directed that on remand one member of the board be removed, and further directed the board to remand the case to the railroad for a *de novo* investigative hearing into the termination of one of its employees. *United Steelworkers*, 648 F.2d at 909. In analyzing the order to decide if it was "final" and therefore appealable for purposes of § 1291, we held that it had "the practical effect of dismissing the present litigation" because it "permanently disposed of all findings and orders of the Board." *Id.* at 909, 910. We also concluded that, due to the very limited scope of judicial review over board findings under the Railway Labor Act, the railroad would probably not be able to appeal the Board's order after a remand, thereby precluding any future opportunity to challenge the district court's order. *Id.* at 910. Therefore, "because of the unusual circumstances of [the] case," we found the order final. *Id.* at 911.

*Horizons Int'l, Inc. v. Baldrige*, 811 F.2d 154 (3d Cir.1987), is another example illustrating the exception to the normal rule of non-appealability. It involved the issuance of a certificate of review [6] by the Secretary of Commerce for a proposed joint venture in the export sale of caustic soda and chlorine. Horizons challenged the issuance of the certificate and moved to limit discovery to the administrative record. The government moved for summary judgment. The district court remanded the case to the Secretary and the Attorney General to consider five specific questions "which raise genuine issues of material fact concerning whether the grant of a certificate of review ... was arbitrary, capricious, and an abuse of discretion." *Id.* at 158. The five questions necessarily involved material outside of the administrative record. We held this order was final on two grounds. As in *United Steelworkers*, it acted both as a final disposition of the issues on appeal and an effective preclusion of future review. We reasoned that a remand would require further proceedings based on evidence outside of the agency record, thereby mooting the agency's contention that the present record was adequate to support its action. *Id.* at 160. We distinguished this order from an order postponing final disposition where the plaintiff did not yet have a vested interest in obtaining the relief he

---

6. A certificate of review provides limited antitrust immunity and must be approved by both the Secretary of Commerce and the Attorney General. *See Horizons Int'l*, 811 F.2d at 157.

sought. *See, e.g., Bachowski*, 545 F.2d at 363.

In *AJA Associates*, the Army Corps of Engineers (Corps) had denied AJA's application for a dredge-and-fill permit in connection with property it owned in Florida. AJA filed suit to set aside the denial and the Corps moved for summary judgment. The district court held that AJA was entitled to appear at an " 'informal oral hearing before a proper agency officer' " to respond to the Corps' reasons for denying the permit. *AJA Associates*, 817 F.2d at 1072 (quoting district court order). We said this order was final because the district court's decision "opens up for all applicants the argument, raised after permit denial, that due process requires a hearing in their particular cases." *Id.* at 1073. If the Corps conducted a hearing and either denied or granted a permit, the right-to-hearing issue would have been moot on appeal. *Id.* "[W]hen a district court finally resolves an important legal issue in reviewing an administrative agency action and denial of appellate review before remand to the agency would foreclose appellate review as a practical matter, the remand order is immediately appealable." *Id.*

Likewise, in *United States v. Spears*, 859 F.2d 284 (3d Cir.1988), we held that a district court order directing a federal agency to comply with a Pennsylvania statute requiring notice before foreclosure proceedings was final. As in *AJA Associates*, the issue would have become moot and escaped review whether or not, on remand, the agency complied and gave the notice. *Spears*, 859 F.2d at 287.

### III.

The Secretary argues that he will be unable to raise the issue of whether a widow's residual functional capacity is relevant to her claim for widow's disability benefits later if we do not exercise appellate jurisdiction over this particular remand order. We rejected the same argument by the Secretary of Labor in *Bachowski* and by Conrail in *Brotherhood of Maintenance of Way Employees v. Consolidated Rail Corp.*, 864 F.2d 283 (3d Cir.1988). As in *Bachowski*, "it is not inexorably so" that consideration of this issue will escape review.

*Bachowski* is similar in its procedural posture to this case. If the Secretary, after consideration of Mrs. Finkelstein's residual functional capacity on remand, per-

sists in refusing benefits and the district court orders that they be granted, the issue of whether residual functional capacity is relevant would be subject to our review. The possibility that it would be unreviewable if the Secretary awards benefits is no different than the possibility in *Bachowski* that the district court's order directing certain vote counting procedures would be unreviewable if the Secretary decided to file suit to set aside the election after utilizing those procedures. Review may become unavailable, but it is not necessarily unavailable, as in *AJA Associates*.

Recently we held that a district court order remanding a railroad employees' discipline case to the National Railroad Adjustment Board "to 'hear evidence as to whether [the employees] were sufficiently responsible for the accidents in question to warrant their dismissal' " was interlocutory. *Brotherhood of Maintenance of Way Employees, id.* at 285 (quoting district court order). Although *Brotherhood* is distinguishable on the ground that the Adjustment Board, there the agency, was not a party, we nevertheless relied on the general principle "that district court orders remanding cases to administrative agencies are not final and appealable." *Id.* at 285–86. We did so despite expressing concern over the district court's apparent interference with the arbitration board's power. *Id.* at 289. We distinguished *United Steelworkers* because there the order " 'had the practical effect of dismissing the present litigation and review of the legal questions raised by this appeal will be foreclosed if not permitted now.' " *Id.* at 286, (quoting *United Steelworkers*, 648 F.2d at 909). In discussing *Bachowski*, Judge Sloviter went on to say:

> The Secretary and the union appealed the district court's remand order to this court arguing, as Conrail argues here, that if this court did not accept jurisdiction the Secretary "may very well [be] deprive[d] ... of any opportunity to test the correctness of the scope of review employed by [the district court]." *Id.* at 372. We rejected this argument on the ground that the mode of review used by the district court would be reviewable if the district court later ordered the Secretary to file suit, an issue that remained undecided.

*Id.* Despite the fact that the agency was not a party, *Brotherhood* points up how strongly the finality principle of avoiding piecemeal review pulls in favor of permit-

ting even a decision interfering with other important policies to stand.[7]

Here, too, the ultimate question of whether the district court correctly ordered the Secretary to consider Mrs. Finkelstein's residual functional capacity would become reviewable if the district court orders the Secretary to grant benefits because she is so lacking in residual functional capacity that she cannot engage in any gainful activity. Although the Secretary may be denied review if he orders benefits to be paid upon consideration of Mrs. Finkelstein's residual functional capacity, that possibility is of no more significance than the possible unavailability of review was to Conrail in *Brotherhood of Maintenance of Way Employees*. Of course, if benefits are denied, Mrs. Finkelstein may obtain review.

The principle of finality serves important institutional functions. In serving them, issues which seem burning to the litigants in the course of an individual dispute often disappear, become subsumed in the final decision, and escape review in a particular case. When they involve questions of general significance they are likely to recur in future cases in a posture which does present them for appellate review. Such is this case. It deals with an issue likely to recur in future cases and arises in an administrative procedure strongly analogous to common law adjudication of individual disputes.

The particular district order here at issue is interlocutory, not final. The district court remanded Mrs. Finkelstein's case to the Secretary "for further proceedings." It ordered the Secretary to consider her residual functional capacity before deciding the question of eligibility. This remand concerned the factors for consideration in the adjudicatory process and not, as in *AJA Associates*, only the form that process must take.

Here, as in *Bachowski*, the district court remanded for further consideration according to its guidelines. In *Bachowski*, the guidelines related to the method of vote counting; here, they relate to consideration of residual functional capacity. Unlike the appellant in *Horizons Int'l*, Mrs. Finkelstein has no vested right in anything; the court did not take away something which she had already been given, but postponed final disposition in her case until the Secretary had considered an additional factor. Unlike *AJA Associates*, the district court

did not order a hearing when the issue was whether the statute or the regulations required a hearing; instead, it ordered consideration of an additional factor before final administrative adjudication of the benefit issue.

The institutional concerns precluding appellate review of non-final orders prevail and deprive this Court of appellate jurisdiction over the district court's order remanding this case to the agency for consideration of residual functional capacity. The district court's order remanding Mrs. Finkelstein's case to the Secretary for consideration of her residual functional capacity in determining her eligibility for widow's disability benefits is interlocutory, not final. Accordingly, we will dismiss this appeal for lack of appellate jurisdiction.

## STATEMENT SUR DENIAL OF REHEARING IN BANC

BECKER, Circuit Judge.

I joined in the panel opinion, because I felt bound by our decision in *Bachowski v. Usery*, 545 F.2d 363 (3d Cir.1976), even though that opinion seems inconsistent at least with the spirit of our later jurisprudence. *See United States v. Spears*, 859 F.2d 284 (3d Cir.1988); *AJA Associates v. Army Corps of Engineers*, 817 F.2d 1070 (3d Cir.1987); *Horizons International, Inc. v. Baldrige*, 811 F.2d 154 (3d Cir.1987). I would hear this case *in banc* and hold that we have appellate jurisdiction, following the rule adopted by the D.C. Circuit in the case of *Occidental Petroleum Corp. v. Securities and Exchange Commission*, 873 F.2d 325, 328–32 (D.C.Cir.1989) (D. Ginsburg, J.).

In that case, Judge Ginsburg, speaking for the court, expressed the view that Congress did not intend that the final order rule place an agency in a position of dependence upon the self-interest of others in order to get review of a legal decision that dictates the standards and procedures to be applied by the agency in making its decisions. Here, as in *Occidental*, the Secretary is between the proverbial rock and a hard place. If the Secretary, bound by the district court's opinion, grants benefits on remand to Mrs. Finkelstein, he cannot appeal. If the Secretary does not grant benefits on remand, whether or not the legal issue will be reviewed depends on whether Mrs. Finkelstein decides to press an appeal.

7. We recognize the importance of the distinction between our case of *Bachowski* on the one hand and *Brotherhood* on the other. We do not

therefore believe *Brotherhood* is controlling, but instead look to *Bachowski*, which we believe does control.

The legal issue presented is one of great importance in the administration of the Social Security disability statute and, in practical terms, I do not believe that the government will get this issue decided, at least in the foreseeable future, in the absence of an interlocutory appeal.

I believe that the D.C. Circuit rule is a sensible application of our existing jurisprudence, which provides a narrow exception to the normal rule of non-appealability in cases in which an important legal issue is finally resolved and review of that issue would be foreclosed "as a practical matter" if an immediate appeal were unavailable. *See AJA*, 817 F.2d at 1073. Unfortunately, I read *Bachowski* as foreclosing our applying that rule to this fact pattern, hence my vote for rehearing.

Judge SLOVITER and Judge STAPLETON agree with this statement.