NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3773
_____

BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN,
a Division of the Rail Conference of the International Brotherhood of Teamsters

v.

UNION RAILROAD COMPANY; UNITED TRANSPORTATION UNION

UNION RAILROAD COMPANY,
Appellant.
_____

No. 09-3774
_____

BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN,
a Division of the Rail Conference of the International Brotherhood of Teamsters

v.

UNION RAILROAD COMPANY; UNITED TRANSPORTATION UNION

UNITED TRANSPORTATION UNION,

Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 08-986)
District Judge: Honorable Joy Flowers Conti

Argued June 11, 2010

Before: AMBRO, CHAGARES, and GREENAWAY, JR., Circuit Judges

(Opinion Filed: August 9, 2010)

Jeffrey S. Berlin, Esquire (argued)
Mark E. Martin, Esquire
Sidley Austin
1501 K Street, N.W.
Washington, DC 20005
    *Counsel for Appellant Union Railroad Company*

Kevin C. Brodar, Esquire (argued)
United Transportation Union
24950 Country Club Boulevard
Suite 340
North Olmsted, OH 44070
    *Counsel for Appellant United Transportation Union*

Margo Pave, Esquire (argued)
Michael S. Wolly, Esquire
Zwerdling, Paul, Kohn & Wolly
1025 Connecticut Avenue, N.W.
Suite 712
Washington, DC 20036
    *Counsel for Appellee Brotherhood of Locomotive Engineers and Trainmen*

OPINION

GREENAWAY, JR., Circuit Judge.

Appellee Brotherhood of Locomotive Engineers and Trainmen ("Appellee" or

"BLET") seeks to forestall this Court's consideration of Appellants' appeals,[1] by arguing that this Court lacks jurisdiction to consider the appeals because the District Court's determination was not a final order and is thus not reviewable, pursuant to 28 U.S.C. § 1291. Specifically, Appellants seek to appeal the order of the District Court of the Western District of Pennsylvania remanding this matter to Special Board of Adjustment 1157 ("SBA 1157") for further proceedings. For the reasons set forth below, Appellee's motion to dismiss for lack of jurisdiction shall be granted. The appeal shall be dismissed.

## BACKGROUND

The parties are familiar with the facts and proceedings in the District Court. We will recite them only as is necessary to the discussion of the issues at hand.

The dispute underlying this case arose when Union Railroad Company ("URR") began operating trains by remote control. BLET is a union representing URR's locomotive engineers. United Transportation Union ("UTU") is a union representing URR's trainmen. URR arranged with UTU to operate the remote controlled trains using only UTU trainmen, and not locomotive engineers represented by BLET. BLET believed this arrangement violated Article 10 of its collective bargaining agreement (the "CBA") with URR.[2]

---

[1] Both Union Railroad Company and United Transportation Union (collectively, "Appellants") sought review of the District Court's decision in this Court.

[2] Article 10 provides that "[e]ngine crews shall consist of engineer and fireman on all engines." BLET contends that this language requires URR to use engineers on all trains, including those operated by remote control.

BLET invoked the dispute resolution process established by the Railway Labor Act ("RLA").[3] BLET's claims were initially rejected by URR, and the parties agreed to establish a special board of adjustment, pursuant to 45 U.S.C. § 153, Second. As a result, the parties established SBA 1157, consisting of five members (three partisan and two neutral). Pursuant to the agreement establishing SBA 1157, in the event of a tie vote among the four members of SBA 1157, the decision of the fifth member (the "Deadlock Neutral") would be unsealed and become the final decision of SBA 1157.

As it happened, the vote of the Board resulted in a tie, thus, the decision of the Deadlock Neutral was unsealed. The Deadlock Neutral resolved the questions presented to the Board in favor of URR and UTU.[4] BLET sought review in the District Court. The parties filed cross-motions for summary judgment. The District Court granted BLET's motion for summary judgment, concluding that the Deadlock Neutral's decision exceeded the scope of his jurisdiction because he failed to resolve the issues the parties had agreed were the crux of the matter. The District Court vacated the arbitral decision and

[3] As set forth in the statute, this procedure involves pursuing resolution in-house. 45 U.S.C. § 153, First (i). Failing that, the parties may seek resolution before a special board of adjustment. 45 U.S.C. § 153, Second.

[4] The questions presented by the parties were variations on a theme. BLET's question was "Does BLET Division 700 have a local 'crew consist' agreement with the Carrier, and if so, was the Carrier's failure to assign an engineer whenever a locomotive is in operation a violation of Article 10- 'Consist Crews'?" UTU asked "Was the Carrier proper in its assignment of trainmen (yard conductors and yard helpers) to perform remote control operations in its terminals?" Finally, URR phrased its question "Is URR correct that its actions did not violate Article 10, which states 'Engine crews shall consist of engineer and fireman on all engines . . . ?'" (J.A. 33.)

remanded the matter for further proceedings. Specifically, the District Court ordered that, consistent with its opinion, SBA 1157 needed to resolve the three questions presented by the parties. URR and UTU sought review in this Court. Their appeals were consolidated.

## LEGAL STANDARD

"The general principle enunciated by this court is that district court orders remanding cases to administrative agencies are not final and appealable." Bhd. of Maintenance Way Employees v. Consol. Rail Corp., 864 F.2d 283, 285 (3d Cir. 1988). "Specifically, orders directing remands to Railway Labor boards to consider additional evidence have been considered nonfinal." United Steel Workers of America Local 1913 v. Union R.R. Co., 648 F.2d 905, 909 (3d Cir. 1981). As is true with every generality, this rule has its exceptions. That is, "we have exercised appellate review when a District Court finally resolves an important legal issue in reviewing an administrative agency action and denial of appellate review before remand to the agency would foreclose appellate review as a practical matter." Kreider Dairy Farms, Inc. v. Glickman, 190 F.3d 113, 120 (3d Cir. 1999). However, "when the generally applicable principle of nonfinality of remand orders is followed, there is an opportunity to review the merits of the order challenged when the hearing on remand is concluded." Consol. Rail, 864 F.2d at 285.[5]

---

[5] Other exceptions have been created by statute. See, e.g., Sullivan v. Finkelstein, 496 U.S. 617 (1990) (holding that district court order remanding case is final for purposes of 28 U.S.C. § 1291, pursuant to 42 U.S.C. § 405(g)) .

5

**ANALYSIS**

Here, BLET argues that this Court should adhere to its general principle that remand orders are not appealable, particularly since the present situation does not fall within any existing exception. On the other hand, UTU argues that the District Court's decision is final, or, in the alternative, if the decision is not reviewed now, subsequent review will be unavailable. URR similarly argues that the District Court's decision is final, and therefore immediately appealable. By referencing Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp., 27 F.3d 911 (3d Cir. 1994), URR attempts to superimpose the provisions for review set forth in the Federal Arbitration Act ("FAA") to review of a decision made pursuant to the RLA.[6] Additionally, URR argues that later review of the District Court's decision will be unavailable since the District Court remanded the matter to the parties,[7] an action which requires a completely new

---

[6] This analogy lacks merit since the two statutory schemes are distinct. The FAA specifies orders and decisions that are appealable. 9 U.S.C. § 16. By contrast, the RLA provides for review pursuant to 28 U.S.C. §§ 1291 and 1254. 45 U.S.C. § 153, First (q) ("The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of Title 28."). The two standards are not identical. Therefore, we apply this Circuit's case law defining finality for purposes of section 1291, rather than applying the specific statutory statements set forth in the FAA, along with cases analyzing those statements.

[7] There is no language in the District Court's opinion or order supporting this assertion. Not only is this language nowhere to be found in the district court's opinion, but URR's assertion is inconsistent with the RLA, which provides that "[t]he court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct." 45 U.S.C. § 153, First (q).

6

proceeding. Finally, URR argues that the remand order effectively grants all of the relief sought by BLET in the District Court, thus rendering the order final.

These arguments are unpersuasive. Generally, orders remanding a case to an agency are not final. Appellants' bald assertions to the contrary cannot overcome this principle. Further, Appellants' argument that the order is final since it grants all the relief sought by BLET fails. First, this Court has noted that granting all the relief sought is only one factor in determining if a decision is final. That is, "this inquiry may not be dispositive of the question of finality. A more searching examination of the particular order brought to the court is therefore required before an appeal is disallowed." Bachowski v. Usery, 545 F.2d 363, 372 (3d Cir. 1976).

Second, should this Court adopt Appellants' reasoning, the general rule that the remand of cases to agencies are not final would be effectively eliminated, at least with respect to cases involving the RLA. The RLA allows a district court to take only three actions – affirm, set aside, or remand a decision. 45 U.S.C. § 153, First (q). Given that litigants may only seek limited forms of review in cases involving the RLA, it is highly likely that in many cases the only relief sought would be remand. If this Court were to look only at the fact that a district court granted all the relief sought by a party, then in every case where a party sought remand, this Court would be presented with a final order. Such a result is directly at odds with our general rule – that a remand is not a final, appealable order. Here, BLET asked the District Court to set aside and remand SBA

7

1157's decision, which the District Court did. Even though BLET obtained the relief it sought, this Court cannot conclude that the decision to remand is final for purposes of appeal.

Appellants' contention that this case falls within the exception – namely, that the District Court's decision will be unreviewable later – also fails. The scenario here is similar to that in Consol. Rail, where this Court concluded that review of the original District Court order was available after remand. In that case, the appellant argued that the District Court exceeded its authority under the RLA in reviewing the arbitration decision, and should not have substituted its judgment for that of the arbitration panel. This Court concluded that "[i]f [appellant] is dissatisfied with the result of the [National Railroad Adjustment Board] on remand, [appellant] can petition the district court for review and can, if necessary, appeal to this court, at which time it will be free to raise the arguments it now presents." Consol. Rail, 864 F.2d at 286-87.

The same reasoning applies here. If Appellants are dissatisfied with the outcome of the remand proceedings, they are free to argue in the future that the District Court erred in remanding the case to the Board.

Appellants rely on Local 1913 for two propositions. First, UTU cites Local 1913 for the proposition that the requirement to take additional evidence on remand is the determinative factor as to whether the remand order is final. Second, URR cites Local 1913 for the proposition that remanding a case for a new hearing determines whether the

8

district court's order is final. Reliance on Local 1913 for these propositions is misplaced. In that case, the district court set aside the board's findings on purely legal grounds, and remanded the case for a de novo hearing before a reconstituted board. 648 F.2d at 909-10. Here, the District Court simply vacated the arbitrator's decision and remanded the case for further proceedings. In Local 1913, this Court emphasized that the district court had reversed the arbitrator's decision, and was not remanding the case for the arbitrator to consider new or additional evidence.[8] 648 F.2d at 909-10. "Nor did the court direct the Board to follow certain guidelines or standards, which could then be challenged on a later appeal." Id. at 910. As a result, the Court concluded that the district court's decision was final.

In the present case, the District Court clearly ordered the Board to conduct

---

[8] In essence, there is no difference between an order remanding a case for further proceedings before the same arbitration board, and an order remanding a case with a direction that the arbitrator obtain new or additional evidence. In both situations, additional action is required by the arbitrator. Unlike the district court order in Local 1913, the District Court here did not require that a new board be created in order to hold a de novo hearing. Rather, the District Court simply returned the case to SBA 1157 for further proceedings. Although Appellants argue that SBA 1157 has served its purpose and therefore no longer exists, this Court disagrees. The agreement establishing SBA 1157 provides that the "Board shall continue in existence until it has disposed of the matters submitted to it under this Agreement." (¶ 18, J.A. 125; see also ¶ 9, J.A. 124 ("the Board will meet at regularly stated times thereafter until it has disposed of all matters submitted to it under this Agreement.").) Since, according to the District Court, SBA 1157 has not disposed of the matters presented to it, SBA 1157 continues to exist, and is therefore available to review this matter upon remand.

9

proceedings consistent with its opinion.[9]  As such, the District Court's decision is not final under the standards articulated by Local 1913.

## CONCLUSION

Appellants fail to establish a basis for applying any of the recognized exceptions to the general principle that district court orders remanding cases to administrative agencies are not final.  Therefore, Appellee's motion to dismiss for lack of jurisdiction will be granted.  The appeal will be dismissed.  SBA 1157 shall conduct proceedings consistent with the District Court's opinion and this Court's judgment.

---

[9] In order to ensure consistency in review of the arbitral decision, this Court encourages the District Court to assign any subsequent proceedings involving this matter to Judge Conti.

AMBRO, Circuit Judge, dissenting

Because I conclude the District Court's order is final and appealable under 28 U.S.C. § 1291, I respectfully dissent.

I.

The dispute among the Brotherhood of Locomotive Engineers and Trainmen ("BLET"), United Railroad Company ("URR"), and the United Transportation Union ("UTU") is not, as the majority suggests, over URR's assignment of remote control locomotive operations to UTU trainmen instead of BLET engineers. Maj. Op. at 3. Rather, BLET contends that the collective bargaining agreement ("CBA") between BLET and URR requires URR to assign at least one engineer to every locomotive (regardless whether it is being remotely controlled by UTU trainmen).

In support, BLET relies on Article 10 of the CBA, captioned "Consist of Crews," which states: "Engine crews shall consist of [an] engineer and fireman on all engines." According to BLET, Article 10 is a staffing provision—usually referred to as a "crew consist" provision—that mandates the use of an "engine crew[]," including at least one "engineer," on "*all* engines." URR disputes that Article 10 is a "crew consist" provision, and argues that Article 10 requires an engine crew (including at least one engineer) only where such a crew is "operationally needed." Because engineers are not operationally necessary on remotely controlled locomotives, URR contends that Article 10 does not require it to assign an engineer to those trains (as no "crew" is required at all).

As noted by my colleagues, after four members of the special board of adjustment

("SBA") split on this question, the decision of the fifth member, the "Deadlock Neutral,"

was unsealed. He decided in favor of URR, but on a ground not raised by the parties: that

Article 10 does not require that URR assign an engineer to every locomotive because a

single engineer cannot constitute a "crew."

BLET brought this action to set aside the award under the Railway Labor Act

("RLA"), arguing that the Deadlock Neutral's decision failed to "conform, or confine

itself, to matters within the scope of the [SBA's] jurisdiction." 45 U.S.C. § 153, First (q).

The District Court agreed, believing that the Deadlock Neutral—in finding in favor of

URR by interpreting the term "crew" in Article 10—had failed to "answer the question[s]

presented"[1] because the parties had not based their arguments on the meaning of that

term.[2] Accordingly, the Court: (1) granted BLET's motion for summary judgment; (2)

---

[1] The jurisdiction of a special board of adjustment is governed by the agreement between the parties establishing it. *See* 45 U.S.C. § 153, Second. The agreement establishing the SBA in this case limited the Board's jurisdiction as follows: "In its award, the Board will confine itself strictly to decisions as to the questions specifically submitted to it."

[2] On the merits, I would part ways with the District Court despite my sympathetic response to its result. The parties asked the SBA to determine whether Article 10 requires URR to assign at least one engineer to every locomotive, including remotely controlled locomotives. As noted, the Deadlock Neutral answered this question through a different analysis than that argued by URR. However, that the Deadlock Neutral decided the dispute on a different *ground* than that advanced by the parties does not mean he answered a different *question* than that posed by the parties. Even if we are "convinced" the Deadlock Neutral misinterpreted the CBA, that is not sufficient to set aside the award. *Cf. United Paperworkers Int'l Union v. Misco*, 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator [has] even arguably constru[ed] or appl[ied] the contract . . . , that a court is convinced he committed serious error does not suffice to overturn his decision.").

2

denied URR's and UTU's motions for summary judgment; (3) vacated the award; (4) directed the Clerk of Court to "mark [the] case closed"; and (5) remanded the case "for proceedings consistent with [its] opinion." After URR and UTU timely appealed, BLET moved to dismiss this appeal for lack of jurisdiction.

## II.

But for the District Court's direction that this case be "remanded for proceedings consistent with [its] opinion," its order unquestionably would be final. "[A] 'final decision' [under 28 U.S.C. § 1291] is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). In our case, the District Court "left no part [of BLET's petition for review] undecided"; its order "represented a final decision" that the Deadlock Neutral impermissibly interpreted the term "crew" to decide the dispute; and that particular issue is "no longer subject to Board or district court determination." *United Steelworkers of Am. Local 1983 v. Union R.R. Co.*, 648 F.2d 905, 910 (3d Cir. 1981). And though the Court's additional direction for a remand has "clouded the issue," *V.I. Hous. Auth. v. Coastal Gen. Constr.*, 27 F.3d 911, 913 (3d Cir. 1994), it does not in my view render this appeal interlocutory.

BLET contends—and the majority appears to agree, *see* Maj. Op. at 8—that this case is no different than *Brotherhood of Maintenance of Way Employees v. Consolidated Rail Corp.*, where we held interlocutory the District Court's remand for "further

evidentiary findings" on whether certain employees were responsible for causing accidents that resulted in discipline upheld by the arbitration board. 864 F.2d at 284–85; *see also Transp.-Commc'n Div. v. St. Louis-San Francisco Ry. Co.*, 419 F.2d 933, 935 (8th Cir. 1969) (district court's order was not final and appealable where remand order directed the special board of adjustment to consider additional evidence, and where district court did not rule on either parties' summary judgment motions). But unlike *Consolidated Rail*, the District Court in our case did not remand for the SBA to take additional evidence *in support* of its award. Rather, it entered summary judgment in favor of BLET and *set aside* the Board's award.

The result in *Consolidated Rail* is consistent with the sensible distinction that our Court (and other circuit courts) have drawn between remands that (1) direct an arbitration board to take additional evidence or clarify its existing decision, and those that (2) direct a board to re-hear the dispute and issue a new award. For example, in *Virgin Islands Housing Authority v. Coastal General Construction*—a case under the Federal Arbitration Act ("FAA")[3]—we had to determine whether an order (1) vacating an arbitration award,

---

[3] The majority rejects out of hand URR's reliance on *Virgin Islands Housing Authority*, concluding that URR is "attempt[ing] to superimpose" the FAA's appellate review provisions onto the RLA. Maj. Op. at 6. I disagree. An order vacating an arbitration award is just as "final" under § 1291 as it is under the FAA, *see* 9 U.S.C. § 16(a)(1)(E), and neither statute expressly addresses the circumstance where a district court both vacates an arbitration award and remands. *See V.I. Hous. Auth.*, 27 F.3d at 913–14. URR simply contends—and I agree—that *Virgin Islands Housing* stands for a general principle that applies in both contexts.

4

and (2) "remand[ing] for completion of the agreed upon arbitration," was final and appealable. 27 F.3d at 913. We first noted that, had the District Court "simply vacated the award . . . , the order would be clearly appealable." *Id*. Though the "additional direction for a remand ha[d] clouded the issue," we concluded that the order was final. *Id*. We reasoned that "the distinction is whether the additional hearing is ordered merely for purposes of clarification—an order that would not be appealable—or whether the remand constitutes a re-opening that would begin the arbitration all over again." *Id*. at 914; *accord Bull HN Inf. Sys., Inc. v. Hutson*, 229 F.3d 321, 328 (1st Cir. 2000) (decided under the FAA) ("[A]n order of the district court which vacates and remands an arbitral award is not thus made an interlocutory order," as it is "not like an order remanding to the arbitrator merely for clarification."). Applying that distinction, we concluded that the District Court's order was final because the Court had "not simply request[ed] clarification, but instead directed a re-evaluation of the entire controversy." *V.I. Hous. Auth.*, 27 F.3d at 914.

Similarly, in *Union Pacific Railroad Co. v. United Transportation Union*, 3 F.3d 255 (8th Cir. 1993) (a case under the RLA), the District Court granted the union's motion for summary judgment and vacated the arbitration award on the ground that it violated public policy. *Id*. at 257. However, the Court also remanded the action to the arbitration board for a new hearing. *Id*. The Eighth Circuit Court held that the order was final and appealable, emphasizing that the "remand was not for the purpose of seeking clarification

5

from the Board or directing the Board to receive additional evidence," but rather was for a new hearing and decision "on the merits" of the parties' dispute. *Id.* at 258.

In our case, the District Court did not remand for the SBA to clarify, or take additional evidence in support of, its *existing* award. Having set aside that award (as outside the scope of the Board's jurisdiction), the Court's remand was effectively an order that the Board "re-evaluat[e] . . . the entire controversy," *V.I. Hous. Auth.*, 27 F.3d at 914, and issue a *new* award on a *different* ground. That is the practical result of *any* order setting aside an arbitration award—the parties must re-arbitrate their dispute, resulting in a new award that must conform to the district court's opinion vacating the initial award. In that light, there is little practical difference between the Court's order in this case and an order vacating an arbitration award without a remand, the finality of the latter neither BLET nor the majority questions.

That said, I agree with my colleagues that the District Court did not intend to remand this case to a different SBA convened pursuant to a new agreement among the parties. Maj. Op. at 6–7 & n.7. Yet I am aware of no authority (and BLET has cited none) that authorized the Court to remand this case *solely* to the tie-breaking member of the existing SBA to issue a new decision (as BLET contends). *Cf.* 45 U.S.C. § 153, First (q) (authorizing a district court to "remand the proceedings *to the division* for such further action as it may direct" (emphasis added)). The Deadlock Neutral's decision became the final decision of the SBA only by virtue of the tie between the other four Board Members.

6

Thus, it is quite possible that the result of the Court's order will be a "completely new proceeding," Maj. Op. at 6–7, as URR may be entitled to demand a new vote (following a new round of arguments) by all five members of the SBA. In any event, whether the District Court remanded this case to the existing or a new SBA does not resolve the jurisdictional issue. *See V.I. Hous. Auth.*, 27 F.3d at 914 (rejecting the argument that whether an order vacating and remanding an arbitration award is final and appealable "should be determined by whether the remand is to the original or a new arbitrator").

Finally, I fear that refusing to reach the merits of URR's challenge to the District Court's order may "have the practical effect of denying later review." *See United Steelworkers*, 648 F.2d at 909. On remand, the issue URR raises here—*i.e.*, whether the Deadlock Neutral permissibly could decide the parties' dispute by interpreting the term "crew" in Article 10—will "no longer be a subject for Board . . . consideration." *Id.* at 910. Moreover, it is entirely possible that the Deadlock Neutral may reverse himself on remand and issue a new decision in favor of BLET (given that the Court held he exceeded his jurisdiction in his initial decision in favor of URR). However, because of the "very narrow standard of review of board findings"—indeed, the scope of that review is "among the narrowest known to the law," *id.* at 910 (internal quotation marks omitted)—URR may have no legitimate ground on which to seek vacatur of the new award. In that light, URR "may be denied a full opportunity to challenge the [D]istrict [C]ourt's order" vacating the initial award unless we review that decision now. *Id.*;

*accord Union Pac. R. Co.*, 3 F.3d at 258 ("if we do not review the district court's order at this point, it will become essentially unreviewable," because an enforcement or review action "after a second Board award would be limited to the propriety of *that* award" (emphasis added)).

For these reasons, I would hold that the District Court's order is final and appealable under 28 U.S.C. § 1291, and reach the merits of this appeal. I thus respectfully dissent.