OPINION
GREENAWAY, JR., Circuit Judge.
Appellee Brotherhood of Locomotive Engineers and Trainmen (“Appellee” or “BLET”) seeks to forestall this Court’s consideration of Appellants’ appeals,[1] by arguing that this Court lacks jurisdiction to consider the appeals because the District Court’s determination was not a final order and is thus not renewable, pursuant to 28 U.S.C. § 1291. Specifically, Appellants seek to appeal the order of the District Court of the Western District of Pennsylvania remanding this matter to Special Board of Adjustment 1157 (“SBA 1157”) for further proceedings. For the reasons set forth below, Appellee’s motion to dismiss for lack of jurisdiction shall be granted. The appeal shall be dismissed.

BACKGROUND

The parties are familiar with the facts and proceedings in the District Court. We will recite them only as is necessary to the discussion of the issues at hand.
The dispute underlying this case arose when Union Railroad Company (“URR”) began operating trains by remote control. BLET is a union representing URR’s locomotive engineers. United Transportation Union (“UTU”) is a union representing URR’s trainmen. URR arranged with UTU to operate the remote controlled trains using only UTU trainmen, and not locomotive engineers represented by BLET. BLET believed this arrangement violated Article 10 of its collective bargaining agreement (the “CBA”) with URR.[2]
BLET invoked the dispute resolution process established by the Railway Labor Act (“RLA”).[3] BLET’s claims were initially rejected by URR, and the parties agreed to establish a special board of adjustment, pursuant to 45 U.S.C. § 153, Second. As a result, the parties established SBA 1157, consisting of five members (three partisan and two neutral). Pursuant to the agreement establishing SBA 1157, in the event of a tie vote among the four members of SBA 1157, the decision of the fifth member (the “Deadlock Neutral”) would be unsealed and become the final decision of SBA 1157.
As it happened, the vote of the Board resulted in a tie, thus, the decision of the Deadlock Neutral was unsealed. The Deadlock Neutral resolved the questions presented to the Board in favor of URR and UTU.[4] BLET sought review in the *184 District Court. The parties filed cross-motions for summary judgment. The District Court granted BLET’s motion for summary judgment, concluding that the Deadlock Neutral’s decision exceeded the scope of his jurisdiction because he failed to resolve the issues the parties had agreed were the crux of the matter. The District Court vacated the arbitral decision and remanded the matter for further proceedings. Specifically, the District Court ordered that, consistent with its opinion, SBA 1157 needed to resolve the three questions presented by the parties. URR and UTU sought review in this Court. Their appeals were consolidated.

LEGAL STANDARD

“The general principle enunciated by this court is that district court orders remanding cases to administrative agencies are not final and appealable.” Bhd. of Maintenance Way Employees v. Consol. Rail Corp., 864 F.2d 283, 285 (3d Cir.1988). “Specifically, orders directing remands to Railway Labor boards to consider additional evidence have been considered non-final.” United Steelworkers of America Local 1913 v. Union R.R. Co., 648 F.2d 905, 909 (3d Cir.1981). As is true with every generality, this rule has its exceptions. That is, “we have exercised appellate review when a District Court finally resolves an important legal issue in reviewing an administrative agency action and denial of appellate review before remand to the agency would foreclose appellate review as a practical matter.” Kreider Dairy Farms, Inc. v. Glickman, 190 F.3d 113, 120 (3d Cir.1999). However, “when the generally applicable principle of nonfinality of remand orders is followed, there is an opportunity to review the merits of the order challenged when the hearing on remand is concluded.” Consol. Rail, 864 F.2d at 285.[5]

ANALYSIS

Here, BLET. argues that this Court should adhere to its general principle that remand orders are not appealable, particularly since the present situation does not fall within any existing exception. On the other hand, UTU argues that the District Court’s decision is final, or, in the alternative, if the decision is not reviewed now, subsequent review will be unavailable. URR similarly argues that the District Court’s decision is final, and therefore immediately appealable. By referencing Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp., 27 F.3d 911 (3d Cir.1994), URR attempts to superimpose the provisions for review set forth in the Federal Arbitration Act (“FAA”) to review of a decision made pursuant to the RLA.[6] Additionally, URR argues that later review of the District Court’s decision will be unavailable since the District Court remanded the matter to the parties,[7] an action *185 which requires a completely new proceeding. Finally, URR argues that the remand order effectively grants all of the relief sought by BLET in the District Court, thus rendering the order final.
These arguments are unpersuasive. Generally, orders remanding a case to an agency are not final. Appellants’ bald assertions to the contrary cannot overcome this principle. Further, Appellants’ argument that the order is final since it grants all the relief sought by BLET fails. First, this Court has noted that granting all the relief sought is only one factor in determining if a decision is final. That is, “this inquiry may not be dispositive of the question of finality. A more searching examination of the particular order brought to the court is therefore required before an appeal is disallowed.” Bachowski v. Usery, 545 F.2d 363, 372 (3d Cir.1976).
Second, should this Court adopt Appellants’ reasoning, the general rule that the remand of cases to agencies are not final would be effectively eliminated, at least with respect to cases involving the RLA. The RLA allows a district court to take only three actions — affirm, set aside, or remand a decision. 45 U.S.C. § 153, First (q). Given that litigants may only seek limited forms of review in cases involving the RLA, it is highly likely that in many cases the only relief sought would be remand. If this Court were to look only at the fact that a district court granted all the relief sought by a party, then in every case where a party sought remand, this Court would be presented with a final order. Such a result is directly at odds with our general rule — that a remand is not a final, appealable order. Here, BLET asked the District Court to set aside and remand SBA 1157’s decision, which the District Court did. Even though BLET obtained the relief it sought, this Court cannot conclude that the decision to remand is final for purposes of appeal.
Appellants’ contention that this case falls within the exception — namely, that the District Court’s decision will be unre-viewable later — also fails. The scenario here is similar to that in Consol. Rail, where this Court concluded that review of the original District Court order was available after remand. In that case, the appellant argued that the District Court exceeded its authority under the RLA in reviewing the arbitration decision, and should not have substituted its judgment for that of the arbitration panel. This Court concluded that “[i]f [appellant] is dissatisfied with the result of the [National Railroad Adjustment Board] on remand, [appellant] can petition the district court for review and can, if necessary, appeal to this court, at which time it will be free to raise the arguments it now presents.” Consol. Rail, 864 F.2d at 286-87.
The same reasoning applies here. If Appellants are dissatisfied with the outcome of the remand proceedings, they are free to argue in the future that the District Court erred in remanding the case to the Board.
Appellants rely on Local 1913 for two propositions. First, UTU cites Local 1913 for the proposition that the requirement to take additional evidence on remand is the determinative factor as to whether the remand order is final. Second, URR cites Local 1913 for the proposition that remanding a case for a new hearing determines whether the district court’s order is final. Reliance on Local 1913 for these *186 propositions is misplaced. In that case, the district court set aside the board’s findings on purely legal grounds, and remanded the case for a de novo hearing before a reconstituted board. 648 F.2d at 909-10. Here, the District Court simply vacated the arbitrator’s decision and remanded the case for further proceedings. In Local 1913, this Court emphasized that the district court had reversed the arbitrator’s decision, and was not remanding the case for the arbitrator to consider new or additional evidence.[8] 648 F.2d at 909-10. “Nor did the court direct the Board to follow certain guidelines or standards, which could then be challenged on a later appeal.” Id. at 910. As a result, the Court concluded that the district court’s decision was final.
In the present case, the District Court clearly ordered the Board to conduct proceedings consistent with its opinion.[9] As such, the District Court’s decision is not final under the standards articulated by Local 1913.

CONCLUSION

Appellants fail to establish a basis for applying any of the recognized exceptions to the general principle that district court orders remanding cases to administrative agencies are not final. Therefore, Appel-lee’s motion to dismiss for lack of jurisdiction will be granted. The appeal will be dismissed. SBA 1157 shall conduct proceedings consistent with the District Court’s opinion and this Court’s judgment.

. Both Union Railroad Company and United Transportation Union (collectively, "Appellants”) sought review of the District Court’s decision in this Court.

. Article 10 provides that ”[e]ngine crews shall consist of engineer and fireman on all engines.” BLET contends that this language requires URR to use engineers on all trains, including those operated by remote control.

. As set forth in the statute, this procedure involves pursuing resolution in-house. 45 U.S.C. § 153, First (i). Failing that, the parties may seek resolution before a special board of adjustment. 45 U.S.C. § 153, Second.

.The questions presented by the parties were variations on a theme. BLET’s question was “Does BLET Division 700 have a local ‘crew consist’ agreement with the Carrier, and if so, was the Carrier’s failure to assign an engineer whenever a locomotive is in operation a violation of Article 10 — 'Consist Crews’?” UTU asked "Was the Carrier proper in its assignment of trainmen (yard conductors and yard helpers) to perform remote control operations in its terminals?” Finally, URR phrased its question "Is URR correct that its actions did not violate Article 10, which states 'Engine crews shall consist of engineer and fireman on all engines ... ?’ " (J.A. 33.)

. Other exceptions have been created by statute. See, e.g., Sullivan v. Finkelstein, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (holding that district court order remanding case is final for purposes of 28 U.S.C. § 1291, pursuant to 42 U.S.C. § 405(g)).

. This analogy lacks merit since the two statutory schemes are distinct. The FAA specifies orders and decisions that are appealable. 9 U.S.C. § 16. By contrast, the RLA provides for review pursuant to 28 U.S.C. §§ 1291 and 1254. 45 U.S.C. § 153, First (q) ("The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of Title 28.”). The two standards are not identical. Therefore, we apply this Circuit’s case law defining finality for purposes of section 1291, rather than applying the specific statutory statements set forth in the FAA, along with cases analyzing those statements.

. There is no language in the District Court's opinion or order supporting this assertion. Not only is this language nowhere to be found in the district court's opinion, but URR’s as *185 sertion is inconsistent with the RLA, which provides that "[t]he court shall have jurisdiction to affirm the order of the division, or to set it aside, in whole or in part, or it may remand the proceedings to the division for such further action as it may direct.” 45 U.S.C. § 153, First (q).

. In essence, there is no difference between an order remanding a case for further proceedings before the same arbitration board, and an order remanding a case with a direction that the arbitrator obtain new or additional evidence. In both situations, additional action is required by the arbitrator. Unlike the district court order in Local 1913, the District Court here did not require that a new board be created in order to hold a de novo hearing. Rather, the District Court simply returned the case to SBA 1157 for further proceedings. Although Appellants argue that SBA 1157 has served its purpose and therefore no longer exists, this Court disagrees. The agreement establishing SBA 1157 provides that the "Board shall continue in existence until it has disposed of the matters submitted to it under this Agreement." (¶ 18, J.A. 125; see also ¶ 9, J.A. 124 ("the Board will meet at regularly stated times thereafter until it has disposed of all matters submitted to it under this Agreement.”).) Since, according to the District Court, SBA 1157 has not disposed of the matters presented to it, SBA 1157 continues to exist, and is therefore available to review this matter upon remand.

. In order to ensure consistency in review of the arbitral decision, this Court encourages the District Court to assign any subsequent proceedings involving this matter to Judge Conti.