AMBRO, Circuit Judge,
dissenting.
Because I conclude the District Court’s order is final and appealable under 28 U.S.C. § 1291,1 respectfully dissent.
I.
The dispute among the Brotherhood of Locomotive Engineers and Trainmen (“BLET”), United Railroad Company (“URR”), and the United Transportation Union (“UTU”) is not, as the majority suggests, over URR’s assignment of remote control locomotive operations to UTU trainmen instead of BLET engineers. Maj. Op. at 188. Rather, BLET contends that the collective bargaining agreement (“CBA”) between BLET and URR requires URR to assign at least one engineer to every locomotive (regardless whether it is being remotely controlled by UTU trainmen).
In support, BLET relies on Article 10 of the CBA, captioned “Consist of Crews,” which states: “Engine crews shall consist *187 of [an] engineer and fireman on all engines.” According to BLET, Article 10 is a staffing provision — usually referred to as a “crew consist” provision — that mandates the use of an “engine crew[ ],” including at least one “engineer,” on “all engines.” URR disputes that Article 10 is a “crew consist” provision, and argues that Article 10 requires an engine crew (including at least one engineer) only where such a crew is “operationally needed.” Because engineers are not operationally necessary on remotely controlled locomotives, URR contends that Article 10 does not require it to assign an engineer to those trains (as no “crew” is required at all).
As noted by my colleagues, after four members of the special board of adjustment (“SBA”) split on this question, the decision of the fifth member, the “Deadlock Neutral,” was unsealed. He decided in favor of URR, but on a ground not raised by the parties: that Article 10 does not require that URR assign an engineer to every locomotive because a single engineer cannot constitute a “crew.”
BLET brought this action to set aside the award under the Railway Labor Act (“RLA”), arguing that the Deadlock Neutral’s decision failed to “conform, or confine itself, to matters within the scope of the [SBA’s] jurisdiction.” 45 U.S.C. § 153, First (q). The District Court agreed, believing that the Deadlock Neutral — in finding in favor of URR by interpreting the term “crew” in Article 10 — had failed to “answer the questions] presented”[1] because the parties had not based their arguments on the meaning of that term.[2] Accordingly, the Court: (1) granted BLET’s motion for summary judgment; (2) denied URR’s and UTU’s motions for summary judgment; (3) vacated the award; (4) directed the Clerk of Court to “mark [the] case closed”; and (5) remanded the case “for proceedings consistent with [its] opinion.” After URR and UTU timely appealed, BLET moved to dismiss this appeal for lack of jurisdiction.
II.
But for the District Court’s direction that this case be “remanded for proceedings consistent with [its] opinion,” its order unquestionably would be final. “[A] ‘final decision’ [under 28 U.S.C. § 1291] is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). In our case, the District Court “left no part [of BLET’s petition for review] undecided”; its order “represented a final decision” that the Deadlock Neutral *188 impermissibly interpreted the term “crew” to decide the dispute; and that particular issue is “no longer subject to Board or district court determination.” United Steelworkers of Am. Local 1913 v. Union R.R. Co., 648 F.2d 905, 910 (3d Cir.1981). And though the Court’s additional direction for a remand has “clouded the issue,” V.I. Hous. Auth. v. Coastal Gen. Constr., 27 F.3d 911, 913 (3d Cir.1994), it does not in my view render this appeal interlocutory.
BLET contends — and the majority appears to agree, see Maj. Op. at 185 — that this case is no different than Brotherhood of Maintenance of Way Employees v. Consolidated Rail Corp., where we held interlocutory the District Court’s remand for “further evidentiary findings” on whether certain employees were responsible for causing accidents that resulted in discipline upheld by the arbitration board. 864 F.2d at 284-85; see also Transp.-Commc’n Div. v. St. Louis-San Francisco Ry. Co., 419 F.2d 933, 935 (8th Cir.1969) (district court’s order was not final and appealable where remand order directed the special board of adjustment to consider additional evidence, and where district court did not rule on either parties’ summary judgment motions). But unlike Consolidated Rail, the District Court in our case did not remand for the SBA to take additional evidence in support of its award. Rather, it entered summary judgment in favor of BLET and set aside the Board’s award.
The result in Consolidated Rail is consistent with the sensible distinction that our Court (and other circuit courts) have drawn between remands that (1) direct an arbitration board to take additional evidence or clarify its existing decision, and those that (2) direct a board to re-hear the dispute and issue a new award. For example, in Virgin Islands Housing Authority v. Coastal General Construction — a case under the Federal Arbitration Act (“FAA”)[3] — we had to determine whether an order (1) vacating an arbitration award, and (2) “remand[ing] for completion of the agreed upon arbitration,” was final and appealable. 27 F.3d at 913. We first noted that, had the District Court “simply vacated the award ..., the order would be clearly appealable.” Id. Though the “additional direction for a remand ha[d] clouded the issue,” we concluded that the order was final. Id. We reasoned that “the distinction is whether the additional hearing is ordered merely for purposes of clarification — an order that would not be appeal-able — or whether the remand constitutes a re-opening that would begin the arbitration all over again.” Id. at 914; accord Bull HN Inf. Sys., Inc. v. Hutson, 229 F.3d 321, 328 (1st Cir.2000) (decided under the FAA) (“[A]n order of the district court which vacates and remands an arbitral award is not thus made an interlocutory order,” as it is “not like an order remanding to the arbitrator merely for clarification.”). Applying that distinction, we concluded that the District Court’s order was final because the Court had “not simply requested] clarification, but instead directed a re-evaluation of the entire controversy.” V.I. Hous. Auth., 27 F.3d at 914.
*189 Similarly, in Union Pacific Railroad Co. v. United Transportation Union, 3 F.3d 255 (8th Cir.1993) (a case under the RLA), the District Court granted the union’s motion for summary judgment and vacated the arbitration award on the ground that it violated public policy. Id. at 257. However, the Court also remanded the action to the arbitration board for a new hearing. Id. The Eighth Circuit Court held that the order was final and appealable, emphasizing that the “remand was not for the purpose of seeking clarification from the Board or directing the Board to receive additional evidence,” but rather was for a new hearing and decision “on the merits” of the parties’ dispute. Id. at 258.
In our case, the District Court did not remand for the SBA to clarify, or take additional evidence in support of, its existing award. Having set aside that award (as outside the scope of the Board’s jurisdiction), the Court’s remand was effectively an order that the Board “re-evaluat[e] ... the entire controversy,” V.I. Hous. Auth., 27 F.3d at 914, and issue a new award on a different ground. That is the practical result of any order setting aside an arbitration award — the parties must re-arbitrate their dispute, resulting in a new award that must conform to the district court’s opinion vacating the initial award. In that light, there is little practical difference between the Court’s order in this case and an order vacating an arbitration award without a remand, the finality of the latter neither BLET nor the majority questions.
That said, I agree with my colleagues that the District Court did not intend to remand this case to a different SBA convened pursuant to a new agreement among the parties. Maj. Op. at 184-85 & n. 7. Yet I am aware of no authority (and BLET has cited none) that authorized the Court to remand this case solely to the tie-breaking member of the existing SBA to issue a new decision (as BLET contends). Cf. 45 U.S.C. § 153, First (q) (authorizing a district court to “remand the proceedings to the division for such further action as it may direct” (emphasis added)). The Deadlock Neutral’s decision became the final decision of the SBA only by virtue of the tie between the other four Board Members. Thus, it is quite possible that the result of the Court’s order will be a “completely new proceeding,” Maj. Op. at 185, as URR may be entitled to demand a new vote (following a new round of arguments) by all five members of the SBA. In any event, whether the District Court remanded this case to the existing or a new SBA does not resolve the jurisdictional issue. See V.I. Hous. Auth., 27 F.3d at 914 (rejecting the argument that whether an order vacating and remanding an arbitration award is final and appealable “should be determined by whether the remand is to the original or a new arbitrator”).
Finally, I fear that refusing to reach the merits of URR’s challenge to the District Court’s order may “have the practical effect of denying later review.” See United Steelworkers, 648 F.2d at 909. On remand, the issue URR raises here — ie., whether the Deadlock Neutral permissibly could decide the parties’ dispute by interpreting the term “crew” in Article 10 — will “no longer be a subject for Board ... consideration.” Id. at 910. Moreover, it is entirely possible that the Deadlock Neutral may reverse himself on remand and issue a new decision in favor of BLET (given that the Court held he exceeded his jurisdiction in his initial decision in favor of URR). However, because of the “very narrow standard of review of board findings” — indeed, the scope of that review is “among the narrowest known to the law,” id. at 910 (internal quotation marks omitted) — URR may have no legitimate ground *190 on which to seek vacatur of the new award. In that light, URR “may be denied a full opportunity to challenge the [District [Cjourt’s order” vacating the initial award unless we review that decision now. Id.; accord Union Pac. R. Co., 3 F.3d at 258 (“if we do not review the district court’s order at this point, it will become essentially unreviewable,” because an enforcement or review action “after a second Board award would be limited to the propriety of that award” (emphasis added)).
For these reasons, I would hold that the District Court’s order is final and appeal-able under 28 U.S.C. § 1291, and reach the merits of this appeal. I thus respectfully dissent.

. The jurisdiction of a special board of adjustment is governed by the agreement between the parties establishing it. See 45 U.S.C. § 153, Second. The agreement establishing the SBA in this case limited the Board’s jurisdiction as follows: "In its award, the Board will confine itself strictly to decisions as to the questions specifically submitted to it.”

. On the merits, I would part ways with the District Court despite my sympathetic response to its result. The parties asked the SBA to determine whether Article 10 requires URR to assign at least one engineer to every locomotive, including remotely controlled locomotives. As noted, the Deadlock Neutral answered this question through a different analysis than that argued by URR. However, that the Deadlock Neutral decided the dispute on a different ground than that advanced by the parties does not mean he answered a different question than that posed by the parties. Even if we are "convinced" the Deadlock Neutral misinterpreted the CBA, that is not sufficient to set aside the award. Cf. United Paperworkers Int’l Union v. Misco, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) ("[A]s long as the arbitrator [has] even arguably construfed] or appl[ied] the contract ..., that a court is convinced he committed serious error does not suffice to overturn his decision.”).

. The majority rejects out of hand URR’s reliance on Virgin Islands Housing Authority, concluding that URR is "attempt[ing] to superimpose” the FAA’s appellate review provisions onto the RLA. Maj. Op. at 184. I disagree. An order vacating an arbitration award is just as "final” under § 1291 as it is under the FAA, see 9 U.S.C. § 16(a)(1)(E), and neither statute expressly addresses the circumstance where a district court both vacates an arbitration award and remands. See V.I. Hous. Auth., 27 F.3d at 913-14. URR simply contends — and I agree — that Virgin Islands Housing stands for a general principle that applies in both contexts.