**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3062
_____

MARK DENNIS ZURAWSKI,

Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-05040)
District Judge: Honorable William H. Yohn

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 5, 2011
Before: SCIRICA, SMITH AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 5, 2011)

_____

OPINION
_____

PER CURIAM

Mark Zurawski, proceeding pro se, appeals from the District Court order

dismissing under Federal Rule of Civil Procedure 12(b)(6) his petition for review under

the Railway Labor Act ("RLA"). For the reasons that follow, we will affirm.

## I

Zurawski was previously employed by the Southeastern Pennsylvania Transportation Authority ("SEPTA"). He was terminated in 2007 after an altercation with a coworker. Zurawski filed a grievance challenging his termination and, pursuant to the collective bargaining agreement between his union and SEPTA, an arbitration was held. The arbitration board consisted of three board members: one chosen by SEPTA, one chosen by the union, and a neutral arbitrator, Robert Douglas, from the Special Board of Adjustment. After a hearing, the board upheld Zurawski's termination. The union-chosen arbitrator dissented.

Zurawski then filed in the District Court a complaint against Douglas, which he then amended to include SEPTA and several other defendants, in which he argued that the arbitration decision was tainted by "fraud or corruption." After dismissing all defendants except for SEPTA, the District Court construed the complaint as a petition for review under the RLA, pursuant to 45 U.S.C. § 153 First (q), and Zurawski filed a second amended petition through counsel. SEPTA filed a motion to dismiss, which the District Court granted. Although still represented by counsel, Zurawski filed a pro se motion to reconsider. The District Court ordered the motion stricken because it was submitted in violation of the Court's prohibition on hybrid representation and, in the alternative, meritless. Zurawski timely appealed.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's order dismissing Zurawski's complaint. See Dique v. N.J. State Police,

603 F.3d 181, 188 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. A petitioner may obtain relief under section 153 of the RLA only in three narrow circumstances. That is, he must demonstrate that: (1) the arbitrators failed to comply with the RLA; (2) the arbitration board acted outside of its jurisdiction; or (3) a member of the arbitration board engaged in fraud or corruption. See United Steelworkers of Am. Local 1913 v. Union R.R. Co., 648 F.2d 905, 910 (3d Cir. 1981) (citing Union Pacific R.R. v. Sheehan, 439 U.S. 89, 93 (1978) (per curiam)). "Fraud properly embraces a situation in which the supposedly neutral arbitrator exhibits a complete unwillingness to respond, and indifference, to any evidence or argument in support of one of the parties' positions." Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991).

Zurawski raises four main arguments on appeal. His first two claims are that the SEPTA-chosen arbitrator engaged in fraud or corruption, and that the arbitration board exceeded its jurisdiction because it issued a decision despite running afoul of the

3

collective bargaining agreement between SEPTA and Zurawski's union. SEPTA argues

that these claims were not raised before the District Court, and are therefore waived on

appeal. "Absent compelling circumstances[,] [we] will not consider issues that are raised

for the first time on appeal." Shell Petroleum, Inc. v. United States, 182 F.3d 212, 219

(3d Cir. 1999) (quoting Patterson v. Cuyler, 729 F.3d 925, 929 (3d Cir. 1984)). Although

we are mindful of our obligation to construe pro se filings liberally, see Giles v. Kearney,

571 F.3d 318, 322 (3d Cir. 2009), Zurawski was represented by counsel in the District

Court, and he has presented no compelling reasons why he should be allowed to raise

new arguments at this stage. Accordingly, we will not address his first two arguments.[1]

Zurawski's third argument is that Douglas, who endorsed a settlement agreement

before the arbitration hearing began, improperly "punished" Zurawski for refusing the

settlement agreement by ruling against him at the arbitration. This argument is presented

somewhat differently on appeal than in the petition for review, but, assuming it is

properly before this Court, we conclude that Zurawski failed to state a claim upon which

relief can be granted. Beyond his conclusory allegations, Zurawski has offered no factual

support for his allegation that Douglas "punished" or retaliated against him. Iqbal

requires more. See 129 S. Ct. at 1949.

Next, Zurawski argues that Douglas's conduct amounted to a deprivation of due

---

[1] Zurawski's second argument arguably includes the claim, raised in his petition for review, that the arbitration board engaged in fraud or corruption by allowing new witnesses to testify. In Zurawski's view, the board thus violated the collective bargaining agreement. To that end, such conduct plainly does not constitute "a complete unwillingness to respond, and indifference, to any evidence or argument."

4

process. At the outset, we decline Zurawski's invitation to revisit our decision in United Steelworkers of America Local 1913 v. Union Railroad Co., 648 F.2d 905 (3d Cir. 1981), in which we held that judicial review of an arbitration board's award is limited to the three narrow categories set forth in § 153 First (q), thus precluding an analysis of whether an arbitration board comported with due process. See id. at 911. Although Zurawski correctly notes that the Supreme Court identified a difference of opinion among the courts of appeals concerning the question whether a constitutional right to due process constitutes a basis for judicial review over arbitration board awards, see Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region, 130 S. Ct. 584, 593 & n.4, 595-96 (2009), the Court declined to resolve that question in that case. Accordingly, our prior precedent is binding. See 3d Cir. IOP 9.1.

Nevertheless, we may evaluate Zurawski's arguments to the extent that he appeals from the District Court's determination that he failed to state a claim regarding Douglas's participation in fraud or corruption. Specifically, Zurawski argues that Douglas improperly: afforded SEPTA significantly more time to put on its case than he received; failed to advise him of his right to independent counsel; refused to conduct an executive session before the arbitration hearing to resolve outstanding issues; and refused to allow Zurawski to access information in SEPTA's files that would have substantiated some of his arguments. We need address only the first two arguments, as the latter two were not raised in the District Court. See Shell Petroleum, 182 F.3d at 219.

As to his first claim, Zurawski contended that SEPTA was given five hours to present its case, yet he was given only one hour to testify and present a closing argument,

5

and was told that if he wanted more time, he would have to wait several months for the next available meeting time. As the District Court noted, Zurawski's complaint and accompanying exhibits demonstrated that he was afforded enough time to present his testimony and his closing arguments. However, in his closing statement, Zurawski alluded to workplace problems that had not been explored during the hearing. Allowing Zurawski to pursue that argument would have resulted in permitting SEPTA to call additional witnesses in rebuttal. Accordingly, Douglas advised Zurawski that, because time was short, he could address these newly-identified problems only if he was willing to allow the proceedings to extend into another day. However, Douglas noted that the next available hearing date would not be until approximately five months later. Given these two options, Zurawski opted to conclude his arguments rather than delay the matter. Viewing these facts in the light most favorable to Zurawski, we are unable to conclude that he alleged facts indicating that Douglas exhibited "a complete unwillingness to respond" to his arguments.

Finally, we turn to Zurawski's claim that the arbitration board improperly failed to advise him of the right to independent counsel. As the District Court reasoned, the RLA does not require that a litigant be advised of his right to counsel. See United Steelworkers, 648 F.2d at 912. Nor did Zurawski allege that the collective bargaining agreement between SEPTA and the union required that he be so advised. Thus, he failed to sufficiently allege a violation of the RLA, and the District Court appropriately dismissed the petition for review.

Accordingly, we will affirm.