**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2011

No. 10-10888

Lyle W. Cayce
Clerk

BNSF RAILWAY COMPANY,

Plaintiff-Appellee

UNITED TRANSPORTATION UNION,

Intervenor-Appellee

v.

BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-602

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

We AFFIRM the district court's vacatur of the Public Law Board ("PLB") decision. We hold that, under the record in this case, we have appellate jurisdiction. *See Union Pac. R.R. Co. v. United Transp. Union*, 3 F.3d 255, 257-58 (8th Cir. 1993) (holding that order rendering prior award a nullity and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10888

remanding was appealable); *United Steelworkers of Am. Local 1913 v. Union R.R. Co.*, 648 F.2d 905, 909-11 (3d Cir. 1981) (holding that order "effectively end[ing] all litigation concerning the conduct of the prior investigative and Board hearings" was appealable despite remand); *cf. Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990) (holding, in Federal Arbitration Act case, that order was appealable because "[w]hile the district court's order commanded further arbitration, it also nullified the decision of an arbitration panel"). We also agree that the district court did not err in vacating the PLB's remedy. *See BNSF Ry. v. Bhd. of Maint. of Way Emps.*, 550 F.3d 418, 425 (5th Cir. 2008) (holding that district court may vacate arbitration award that ignored the terms of a CBA); *Bruce Hardwood Floors, Div. of Triangle Pac. Corp. v. UBC, Local Union No. 2713*, 103 F.3d 449, 452 (5th Cir. 1997) ("Although we accord an arbitrator's decision considerable deference regarding the merits of the controversy, the CBA circumscribes his jurisdiction."). We VACATE the district court's order remanding to the National Railroad Adjustment Board and REMAND to the district court with instructions to remand back to PLB 6983.