NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1093
_____

SOJOURNER RUDISILL,
                                    Appellant

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS; US AIRWAYS/AMERICAN AIRLINES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-05435)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 24, 2021
Before:  JORDAN, MATEY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 27, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Sojourner Rudisill appeals from the District Court's orders dismissing her complaint arising under the Railway Labor Act ("RLA") concerning an employment arbitration decision. We will affirm.

Because the parties are familiar with the background, we present only a summary. Rudisill is a former employee of American Airlines ("American" or "the airline").[1] In 2013, American terminated her employment. Rudisill filed a grievance to challenge her termination, and, under the collective bargaining agreement ("CBA") between the airline and her union, International Association of Machinists and Aerospace Workers ("IAM"), her case went to arbitration before the System Review Board ("Board"). Under the CBA, the Board consisted of three members: one chosen by American, one chosen by IAM, and a neutral member selected by both American and IAM. Rudisill appeared at the July 2016 arbitration hearing with her own attorney, but her union representative and counsel for the airline objected. The union representative indicated that outside counsel had no right to be there and that the neutral board member agreed. Private counsel left the hearing. The Board upheld Rudisill's termination on December 16, 2016.

On December 18, 2016, Rudisill filed her complaint against American and IAM in the District Court and raised three claims: (1) due process deprivation when her privately-retained attorney was barred from the hearing; (2) breach of the CBA by failing to render a timely decision; and (3) "fraud or corruption" under the RLA when her attorney was not allowed to participate in the hearing. American and IAM filed separate

---

[1] Rudisill was employed by U.S. Airways, which ceased to exist after its merger with American Airlines.

2

motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The District Court considered her claims to set aside or remand the arbitration decision under § 153 First (q) of the RLA.  On February  21, 2020, the District Court granted both motions to dismiss, dismissing Rudisill's due process and breach of contract claims with prejudice, ruling that neither was within the limited categories of review permitted by the RLA.  As for Rudisill's RLA "fraud or corruption" claim, the District Court dismissed it due to insufficient facts to plausibly plead a high degree of improper conduct by the Board.  However, the dismissal was without prejudice to allow Rudisill to file an amended complaint, noting that she also may add a claim against her union for breach of duty of fair representation.

Rudisill filed an amended complaint, again alleging fraud or corruption against IAM and American.  She also added a claim that IAM breached its duty of fair representation, alleging that it failed in its investigation and handling of her grievance.  Both defendants again filed separate motions to dismiss.  On December 18, 2020, the District Court found that the amended complaint still did not contain sufficient allegations to plead a "fraud or corruption" claim, noting that Rudisill based her claim on actions of IAM's counsel and the airline's counsel but made no allegations regarding the conduct of the Systems Review Board.  Further, the District Court found that Rudisill's claim against the union for breach of the duty of fair representation was time-barred because that claim was filed beyond the applicable six-month statute of limitations.  Accordingly, the District Court granted both motions to dismiss and directed the Clerk of Court to close the case.

This appeal followed, and we have appellate jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's order dismissing Rudisill's complaint. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).

On appeal, Rudisill challenges only the District Court's February 21, 2020 dismissal of her claim that she was deprived of due process when her attorney was barred from the arbitration hearing. As the District Court explained, judicial review of an arbitration board's award under the RLA is limited to the three narrow circumstances: (1) the arbitrators failed to comply with the RLA; (2) the arbitration board acted outside of its jurisdiction; or (3) a member of the arbitration board engaged in fraud or corruption. See United Steelworkers of Am. Loc. 1913 v. Union R.R., 648 F.2d 905, 910 (3d Cir. 1981) (citing Union Pacific R.R. v. Sheehan, 439 U.S. 89, 93 (1978) (per curiam)). Due process claims do not fall within those narrow categories for review. See id. at 911. Thus, the District Court did not err in dismissing Rudisill's due process claim. Rudisill argues that we should overturn our precedent because it was wrongly decided, noting that other courts of appeals have reached a contrary result. However, we decline to do so; our prior precedent is binding. See 3d Cir. I.O.P. 9.1.

Accordingly, we will affirm the District Court's judgment.

4