### Richard McQUESTION & Louis A. Hart

v.

### NEW JERSEY TRANSIT RAIL OPERATIONS, INC.

### Appeal of Richard McQUESTION and Louis A. Hart.

No. 89–5489.

United States Court of Appeals, Third Circuit.

Argued Dec. 12, 1989.

Decided Jan. 4, 1990.

---

Peter N. Perretti, Jr., Atty. Gen. of N.J., Andrea M. Silkowitz, Asst. Atty. Gen., Robert A. Shire (Argued), Deputy Atty. Gen., Newark, N.J., for appellee

Thomas M. McCarthy (Argued) Red Bank, N.J., for appellants.

Before SLOVITER, GREENBERG and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Richard McQuestion and Louis Hart, appellants, appeal the order of the district court dismissing their petitions for review of adverse determinations by a division of the National Railroad Adjustment Board (the Board). We have jurisdiction under 28 U.S.C. § 1291 (1982).

Appellants were discharged from employment with appellee, New Jersey Transit Rail Operations, Inc. (the railroad) an instrumentality of the State of New Jersey subject to the provisions of the Railway

**1.** (j) Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them.

353

Labor Act, 45 U.S.C. § 151 et seq. (1982) (the Act). Each challenged his dismissal through in-house appeal procedures and, when these challenges failed, appellants' union filed petitions with the Board on their behalf, seeking to have their discharges set aside. See 45 U.S.C. § 153 First (j).[1]

The two petitions were signed only by a union representative, but each indicated that it was submitted on behalf of one of the appellants.[2] In addition, appellants were present at the Board's hearings, and the proceedings dealt only with their individual grievances. See McQuestion v. New Jersey Transit Rail Operations, Inc., No. 88–4037, slip op. at 10 (D.N.J. May 12, 1989).

In submissions to the Board, the union representative asserted that there was no ratified collective bargaining agreement between the union and the railroad and that the action by the union in representing appellants should not be construed as acceptance of the Board's authority or acceptance of the unratified agreement. The Board determined that it was without jurisdiction in the absence of a collective bargaining agreement and dismissed appellants' petitions.

Appellants then filed in the district court, in their own names, petitions for review of the order of the Board. The railroad's amended answer and arguments to the district court asserted that the consolidated petitions should be dismissed because appellants lacked standing. The district court dismissed the petitions for want of "subject matter jurisdiction" based on two grounds: (1) it concluded that appellants had not been "parties" to the proceedings before the Board; (2) it found that as nonparties they could not obtain review of the Board's decisions under 45 U.S.C. § 153 First (q).

**2.** Although these petitions may have been before the district court, they are not in the court record. We assume that they were included in the appendix by tacit agreement of counsel.

At the outset, we think the district court incorrectly concluded that it lacked subject matter jurisdiction. Such jurisdiction is explicitly bestowed by 45 U.S.C. § 153 First (q). Rather, we believe that the court really dismissed because of its conclusion that appellants lacked standing in the district court since they were not named petitioners before the Board. We turn to that issue.

Appellants contend that the district court erred in holding that they lacked standing in the district court. We thus are required to analyze the statutory provision governing district court review. Our review in cases of statutory construction is plenary. *Chrysler Credit Corp. v. First National Bank and Trust Co.*, 746 F.2d 200, 202 (3d Cir.1984).

Section 45 U.S.C. § 153 First (q) contains the basis for judicial review of Board awards:

> If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court ... a petition for review of the division's order.

The statute embraces *"any* employee ... aggrieved by the failure" of a division of the Board to make an award and authorizes "such employee" to file a petition for review in the district court. Thus, confining ourselves to the literal wording of the statute, the appellants did have standing to seek review in the district court.

The railroad urges us to take note of the fact that in most cases only parties to original legal proceedings may appeal. It contends that "any employee" must be read to imply that only employees who were parties before the Board can appeal. While appellants were not named petitioners before the Board, they were not legal strangers either. The proceedings before the Board were conducted solely to resolve appellants' uniquely individual grievances.

*Compare Anderson v. Norfolk & Western Ry. Co.*, 773 F.2d 880 (7th Cir.1985). Indeed, the district court observed that appellants were the "real parties in interest." *McQuestion*, No. 88–4037, slip op. at 10. Thus, we do not believe this argument of the railroad requires us to deviate from the literal language of the review statute.

The railroad next contends that the legislative history of § 153 First (q) dictates that individuals who were not named parties before the Board have no standing in district court to challenge Board awards. The relevant sections of the Congressional Record state that subsection (q) permits appeal by either "party," which the railroad contends refers only to named parties to the Board's proceedings. *See* S.Rep.No. 1201, 89th Cong., 2d Sess. 2, *reprinted in* 1966 U.S.Code Cong. & Admin.News 2285, 2289–90. While this argument is not without some merit, we note that this court has stated "that clear statutory language places an extraordinarily heavy burden on the party who seeks to vary it by reference to legislative history." *Paskel v. Heckler*, 768 F.2d 540, 543 (3d Cir.1985); *see also Burlington N.R.R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461, 107 S.Ct. 1855, 1859, 95 L.Ed.2d 404 (1987). Given the true parties in interest in these proceedings, we do not believe that the railroad's position can prevail in light of the clear statutory review language.

The railroad also asserts that consideration of 45 U.S.C. § 153 First (p) favors its reading of § 153 First (q). Section 153 First (p) permits anyone for whose benefit an award was made by the Board to enforce that award in a district court. It argues that because (p) specifically permits anyone "for whose benefit [an] order was made" to file a petition in a district court, the absence of language specifically authorizing non-parties to petition for review of Board action bars review of these petitions. 45 U.S.C. § 153 First (p). However, despite the unique nature of the issue presented, the railroad again fails to recognize that appellants fall within the literal language of (q) even though (q) does not

contain a clause similar to that referred to in (p).

We are also comfortable in our construction of the review statute in these circumstances because of the very narrow grounds for review permitted therein. *See* 45 U.S.C. § 153 First (q); *United Steelworkers, Local 1913 v. Union R.R. Co.,* 648 F.2d 905, 910 (3d Cir.1981).

Accordingly, because we conclude that appellants had standing in the district court, the order of the district court entered on May 17, 1989, dismissing appellants' consolidated petitions for review of the Board's determinations will be reversed and the matter remanded to the district court for further proceedings.