# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 11-11098

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2014

Lyle W. Cayce
Clerk

GAVIN MACKENZIE, individually and on behalf of those similarly situated; MARK BURNETT, individually and on behalf of those similarly situated,

> Plaintiffs - Appellants

v.

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL; ALLIED PILOTS ASSOCIATION; AMERICAN AIRLINES, INCORPORATED; AMERICAN EAGLE AIRLINES, INCORPORATED,

> Defendants - Appellees

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2043

————————————

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Gavin Mackenzie and Mark Burnett (collectively, Appellants) brought this proposed class action *pro se* under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, seeking declaratory relief from an arbitrator's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11098

remedy award. Appellants claimed that the arbitrator's remedy opinion and award should be vacated on the ground that the arbitrator exceeded the scope of his jurisdiction in fashioning the award. Defendants-Appellees American Airlines, Inc., American Eagle Airlines, Inc., and Air Line Pilots Association (collectively, Appellees)[1] filed a motion to dismiss. The district court granted the motion, concluding that the arbitrator did not exceed the scope of his jurisdiction in deciding the remedial issue before him.  Because we hold that Appellants lack standing to challenge the arbitrator's award, the appeal is DISMISSED.

I.

This case arises out of a complex, four-party collective bargaining agreement.  The four parties to the agreement were American Airlines (American); American Eagle Airlines (Eagle); Allied Pilots Association (APA), the union representing American's pilots; and Air Line Pilots Association (ALPA), the union representing Eagle's pilots.  Appellants are individual pilots for Defendant-Appellee Eagle.  As such, they were represented in contract and employment matters with the airlines by their pilots' union, ALPA.

In 1997, American pilots called a strike against American, prompting President Clinton to invoke provisions of the Railway Labor Act (RLA) that required the affected parties to resolve their issues through mediation.  The negotiations between representatives from each party resulted in a supplemental agreement known as Letter 3/Supplement W (Letter 3).  Under Letter 3, Eagle pilots could move up, or flow through, to positions in American as they came available.  Further, American pilots could move down to Eagle in the event that they were furloughed.  Letter 3 provided procedures by which

---

[1] Though Allied Pilots Association was a named defendant, it did not join the other Defendants-Appellees in their motion to dismiss and it has not presented any argument on appeal.

No. 11-11098

disputes arising under its terms were to be resolved. American, Eagle, APA, and ALPA were specifically named as parties to these dispute resolution procedures. The parties agreed to submit any grievance concerning the interpretation or application of Letter 3 to arbitration.

In 2003, a dispute arose as to whether Trans World Airline (TWA) pilots, recently acquired through a merger between American and TWA, were "new hires" under Letter 3. ALPA filed a grievance and the dispute was submitted to an arbitrator, who concluded that the TWA pilots were new hires under the terms of Letter 3. The arbitrator declined to resolve the issue of whether Eagle pilots were entitled to positions in training classes at American instead of the TWA pilots designated as new hires, concluding that he lacked jurisdiction to provide the appropriate answer.

In 2008, ALPA filed a grievance to resolve this issue, which was submitted to arbitration proceedings before Arbitrator Nicolau. Nicolau found in favor of the Eagle pilots, concluding that they were entitled to the training classes at American. He remanded the issue of the appropriate remedy to the parties, but retained jurisdiction in the event that the parties could not agree on the proper remedy. When the parties were unable to agree on the appropriate remedy, they submitted the issue to Nicolau to resolve.

After considering the parties' arguments, prior arbitration awards, witness testimony, the evidence presented, and the competing equities, Nicolau issued a remedy opinion and award. The award provided the following: (1) 286 Eagle pilots were required to irrevocably elect whether to move up to American by May 24, 2010; (2) American was required to recall furloughed TWA pilots after the first 35 Eagle pilots moved up to American but before the remaining 251 Eagle pilots moved up; and (3) the affected

No. 11-11098

parties were required to enter into a preferential hiring agreement to cover the 824 Eagle pilots without American seniority numbers.[2]

Appellants filed suit against Appellees in district court seeking to set aside Nicolau's remedy opinion and award. Appellees filed a motion to dismiss, which the district court granted. After conducting its review of the arbitrator's decision, the district court held that Arbitrator Nicolau acted within the scope of his jurisdiction in fashioning the proper remedy.

Appellants timely appealed.[3] On appeal, Appellants seek vacatur of the arbitrator's remedy award, arguing: (1) the arbitrator exceeded his jurisdiction in making the award, or alternatively (2) the arbitrator improperly considered off-the-record evidence in violation of due process.

## II.

Although neither party raised the issue of Appellants' standing to bring this appeal, we may raise the issue *sua sponte*. *See S.E.C. v. Forex Asset Mgmt., LLC*, 242 F.3d 325, 328 (5th Cir. 2001). If Appellants lack standing to bring this appeal, we lack the jurisdiction to decide the merits of this case. *In re Weaver*, 632 F.2d 461, 462 n.6 (5th Cir. 1980).

The court raised the issue of Appellants' standing during oral argument. In response to the court's inquiry on the issue of standing, Appellees asserted that our decision in *Mitchell v. Cont'l Airlines, Inc.*, 481 F.3d 225 (5th Cir.), *cert. denied* 552 U.S. 821 (2007), deprived Appellants of standing as a matter of law. We agree.

---

[2] At the time of Nicolau's ruling, there were 1351 captains: 527 had American seniority numbers and 824 did not.

[3] The Appellants' appeal was stayed after American entered into bankruptcy in November 2011.

4

No. 11-11098

In *Mitchell*, individual flight attendants brought an action against their airline and union, seeking vacatur of an arbitral award. *Id.* at 230. There, relying upon precedent in cases governed by similar federal labor statutes, the court held:

> [W]hen a CBA formed pursuant to the RLA establishes a mandatory, binding grievance procedure and vests the union with the exclusive right to pursue claims on behalf of aggrieved employees, an aggrieved employee whose employment is governed by the CBA lacks standing to attack the results of the grievance process in court—the sole exception being the authorization of an aggrieved employee to bring an unfair representation claim.

*Id.* at 233. The court reasoned that such a holding was "necessary to effectuate the purposes behind federal labor statutes, which require that the interests of particular individuals be subordinated to the interests of the group at the contract-negotiation stage and beyond." *Id.* at 232. Consequently, "an aggrieved employee will generally lack standing to bring an RLA action." *Id.* at 233 n.24.

Letter 3 establishes a mandatory, binding dispute resolution procedure. Additionally, Letter 3 governs Appellants' employment at Eagle. Finally, by failing to pursue a duty of fair representation claim, Appellants cannot avail themselves of the "sole exception" prescribed by *Mitchell*. Appellants attempt to distinguish *Mitchell* by asserting that Letter 3 does not vest the union with the exclusive right to pursue claims on their behalf.[4] We disagree. Letter 3

---

[4] Appellants also argued during oral argument that they have standing pursuant to the plain language of 45 U.S.C. § 153 First(q), which provides that "[i]f any employee or group of employees . . . is aggrieved by any of the terms of an award[,] . . . then such employee or group of employees . . . may file in any United States district court . . . a petition for review of" the award. Appellants' argument finds support in *McQuestion v. N.J. Transit Rail Operations*, 892 F.2d 352, 354–55 (3d Cir. 1990), which held that the plain language of § 153 First(q) provides individual employees with uniquely individual grievances standing to seek judicial review under the RLA. Nevertheless, Appellants' argument is unavailing. In *Mitchell*, we distinguished *McQuestion*, determining that it may support providing standing

5

No. 11-11098

specifically names American, Eagle, APA, and ALPA as the parties to the dispute resolution procedures. Moreover, Appellants state in their complaint that ALPA is the "certified collective bargaining agent" and "representative" of Eagle pilots. We therefore hold that Appellants lack standing to challenge the arbitration award. *See Mitchell*, 481 F.3d at 233. Accordingly, we do not reach the merits of Appellants' claims.

## III.

For the reasons herein stated, the appeal is DISMISSED.

---

to individual employees with "uniquely individual claims," but that its reasoning did not support standing where, as here, the employees' union pursued arbitration on behalf of all its members. *Mitchell*, 481 F.3d at 233 n.24.